## Lewis v. Lewis et al.

Feb. 24, 1942.

Duncan & Duncan and Tanner Ottley for appellant.

B. J. Bethurum and J. A. Flowers for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appellant, Duke Lewis, and his wife, Elizabeth, were married in March, 1933. He was twenty-one and she sixteen years old. They went to live in the home of his parents on a farm near Burkesville and remained there during their married life of six years. Appellant's father is a well-to-do farmer and business man. In December, 1936, he deeded his son a farm near by, and while each of the parties insists that he or she was anxious to move there they testify the other would not do so. We think the fact is that neither of them cared to give up the ease and comforts of the parents' home, with the freedom of action which it permitted. It would appear that the young man, particularly, never came to an appreciation of the responsibilities of marriage. He grew indifferent and neglectful and that resulted in rebuffs and actions on his part which the trial court, in their reciprocal actions for divorce, found to constitute cruel and inhuman treatment on his part, or such habitual behavior as indicated a settled aversion, destroying her peace and happiness. Section 2117, Kentucky Statutes. It seems to us that the shortcomings of the young wife were in the main caused by those of her husband. He practically ran her off by word and deed. There is testimony also that after their separation he undertook to frame up his wife so as to have it appear that he had caught her in a compromising position. This he denies. The court awarded the wife alimony of $50 a month for a period of five years, and $300 fees to her attorneys. The appellant insists these allowances are excessive.

The court having properly granted the wife a divorce, we look to Section 2122, Kentucky Statutes, for the conditions upon which an allowance of alimony shall be made and for its proper measurement. The condition is that the wife does not have sufficient estate of her own to maintain herself. It is not denied that in this case

the wife has no estate and is not equipped in a profession or business that enables her to make her own living. Her mother, a widow, is employed on a meager salary in Albany. The statutory measurement of maintenance or alimony is such "as shall be deemed equitable." This has never 'been literally confined to the consideration of the value of the husband's present estate. The duty and moral obligation of a husband to maintain his wife continues after the marriage relation is severed by the law if he was the cause of the severance. So it is deemed equitable to regard not only the present value of his property and its productiveness but also his earning capacity, which involves the elements of age, health and ability to work; likewise in some cases his expectancy of an additional estate. And equity cannot ignore the degree of fault for the situation or what the social standing, comfort, and even luxuries of life the wife would have had but for the enforced separation. Shehan v. Shehan, 152 Ky. 191, 153 S. W. 243; Kelly v. Kelly, 183 Ky. 172, 209 S. W. 335, 338; Williamson v. Williamson, 243 Ky. 544, 49 S. W. (2d) 337; Sabel v. Sabel, 286 Ky. 575, 151 S. W. (2d) 56.

The farm which the father gave the appellant is about 3½ miles from Burkesville. Its area and productiveness are not disclosed, but it is shown there were two substantial dwelling houses on it. The deed contains a provision for reversion to the grantor or his heirs should the grantee die without issue. The record is meager concerning the present value of appellant's estate. He testified the farm was worth $7,500. There is no evidence to the contrary. His father advanced him $3,800 from time to time with which to equip and stock the farm. A mortgage was given him in September, 1938, to secure that sum. It is said in appellant's brief that the amount owing is now $3,500, which is a lien against the land. It may be reasonably assumed that the personal property purchased with the money, or its substitution and accretions, are now of equal value. It is deducible then that he has at least $7,500 in property. The other bases for determining the amount of alimony are either definitely or inferentially disclosed in the record. Considering them in connection with the weight to be accorded the finding of the chancellor, we are of opinion that the award of alimony is not excessive.

As to appellant's contention that the allowance of

the attorneys' fees is excessive, we need say only that the record of their services and the results not only in defending and defeating a vigorous counterclaim by the husband, but in procuring the decree for the wife, fully justifies the allowance.

Wherefore the judgment is affirmed.