## Burke v. Burke.

Oct. 6, 1944.

B. J. Bethurum for appellant.

H. C. Kennedy and Gladstone Wesley for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The judgment divorces the appellee from the appellant and awards her alimony of $50 a month. It also decrees the appellant shall pay $50 a month to her for the maintenance of their child. The appeal is only from the award of alimony and the allowance of $400 to the wife's attorneys as part of the costs.

The ground upon which the wife was granted the divorce is "habitually behaving toward her, for not less than six months, in such cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace or happiness." KRS 403.020(3) (b). He based a counterclaim upon the same ground.

A recitation of the evidence of the causes and the conduct of the parties which resulted in this tragedy of a broken home is neither necessary nor desirable. We have considered the record fully and concur in the conclusion of the chancellor that the wife was entitled to the divorce. That being so, it follows that she was entitled to alimony since it is shown that she does not have sufficient estate of her own to maintain herself. KRS 403.060. The elements entering into the amount to be allowed the wife have been often stated. See Sabel v. Sabel, 286 Ky. 575, 151 S. W. 2d 56. The husband undertook to excuse striking his wife upon three occasions because of her conduct and vexation and to show that she was much in fault. There is more in the case than these three instances. There were extenuating circumstances surrounding the wife, most of which seem to have arisen from the husband's own attitude and way of living and others as a consequence of care of their child who is without mind. As to the husband's estate, it appears that at the time of the marriage in 1937, he only had a job in a florist shop but through the financial backing of his wife's parents he purchased the business and has prospered. He owns real estate and business establishments both in Somerset and Danville. Accord-

ing to the evidence introduced by the wife his net worth is about $18,000. According to his proof about $12,000. Regardless of the amount of his estate, this proves a good earning capacity. We think the award of $50 a month to the wife is quite conservative.

The award of a $400 fee to the wife's attorneys is also questioned. The ability to pay such a fee is manifest. In a vigorously contested divorce case which involves people of prominence in the community, there is often present unpleasantness and quite frequently future repercussions upon the attorney's practice. We think the fee is fair and reasonable. Cf. Hooe v. Hooe, 122 Ky. 590, 92 S. W. 317, 5 L. R. A. 729, 13 Ann. Cas. 214; Lewis v. Lewis, 289 Ky. 615, 159 S. W. 2d 995. See also Baxter v. Hubbard, 242 Ky. 751, 47 S. W. 2d 743, in which various elements that enter into the fixing of lawyer's fees are considered.

The judgment is affirmed.