## Simpson v. Simpson.

Oct. 17, 1944.

376

Woods, Stewart & Nickell and Charles Prater for appellant.

John W. McKenzie for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Boyd circuit court in a divorce proceeding awarding the appellee, Dixie Simpson, alimony in the sum of $5,000 and in the further sum of $2,000 payable in monthly installments of $50 each.

C. T. Simpson and Dixie Simpson were married in 1911 and lived together as husband and wife for more than thirty years. They have five children. On July 8, 1941, C. T. Simpson brought an action for divorce on the ground of cruel and inhuman treatment. The defendant counterclaimed and asked for a divorce on the same ground. On December 20, 1941, a judgment was rendered dismissing the plaintiff's petition and granting the defendant a divorce on her counterclaim. The judgment contained the following provisions:

"It is further adjudged that the defendant, Dixie Simpson, be and she is, given the right to occupy the residence now owned by the plaintiff and located at 518 Tenth Street, Ashland, Kentucky. During the occupancy of said residence the defendant shall have free access to said premises, and the plaintiff will not interfere or molest the defendant in the occupancy of said premises. If the plaintiff should occupy said premises, the defendant will not interfere or molest him in the occupancy of said premises. It is further ordered that the infant children of the parties may occupy said premises until the further orders of the Court. The plaintiff will pay all taxes and the reasonable necessary upkeep on said property.

"It is further adjudged by the Court that the defendant have and recover of the plaintiff the sum of $65.00

per month as alimony, which sum the plaintiff shall pay in equal semi-monthly installments on the 1st and 16th of each month, beginning the 1st of January, 1942.''

At the time the judgment was rendered two of the children were infants, but all of them are now more than 21 years of age except one who will be 21 in November, 1944.

Four days after the judgment was rendered C. T. Simpson remarried. He paid the semi-monthly installments until January 28, 1943, when he filed a motion to redocket the case and for a modification of the judgment awarding alimony because of changed conditions. He asked that the judgment be modified so as to provide for the payment of the alimony, if any, in a lump sum. The defendant then filed a motion to increase the alimony because the plaintiff's income had increased more than 33 1-3 per cent. since the entry of the judgment. Considerable proof was heard and on May 21, 1943, the court overruled the plaintiff's motion to modify the judgment and to fix a lump sum alimony award, and overruled the defendant's motion to increase the award. On September 23, 1943, the plaintiff moved the court to reconsider the judgment theretofore entered in regard to alimony and to resubmit the case for further consideration on the plaintiff's original motion. Additional proof was heard and on February 9, 1944, a final judgment was entered awarding the defendant alimony in a lump sum. The pertinent part of the judgment reads:

''That she recover alimony in the amount of $5000.00 which may be satisfied by conveyance to defendant by deed of general warranty of the house and parcel of land at 518—10th Street, Ashland, Ky., and the further sum of $2000.00 to be paid in monthly installments of $50.00 on the 1st day of each month hereafter until fully paid. She is given the household and kitchen furniture, furnishing, fixtures, dishes and bedding and all personalty in the house. She will recover costs including additional attorney fee of $100.00.''

The plaintiff has appealed, and the defendant has cross-appealed. It is appellant's contention that the evidence in the divorce proceeding did not authorize the court to grant appellee a divorce on her counterclaim

and to award her alimony, but, if wrong in this, that the allowance is excessive in view of the value of appellant's property.

Concerning the correctness of the judgment granting a divorce to appellee, little need be said. The parties lived together apparently without serious dissension for nearly 30 years. The rift in the marital relations began in the autumn of 1939 when the appellee reached the menopausic period of life. She became nervous and ill and, no doubt, at times was irritable, but she continued to perform all of her household duties, including the cooking, just as she had performed them throughout her married life. Appellant's treatment of her during this period and until their separation was not only unsympathetic and inconsiderate, but was cruel and inhuman within the meaning of the divorce statute, KRS 403.020. Much of the evidence is of a revolting nature and its recitation would serve no useful purpose. It is sufficient to say that it authorized the granting of a divorce to appellee and, as a consequence, an award of alimony.

The only question meriting consideration is whether or not the award is excessive. Appellant owned no property at the time of his marriage and appellee, who was employed at that time at a salary of $3 a week, owned only a small amount of furniture. Shortly after their marriage appellant obtained employment with the Chesapeake & Ohio Railway Company and for many years has been a locomotive engineer. During the year prior to the divorce his wages amounted to $2,600. Thereafter a wage rate increase was granted to railroad employees and in 1942 his wages amounted to $3,299.47. Another wage increase went into effect in April, 1943, and thereafter his average monthly wages were $310.10, or at the rate of more than $3700 a year. At the time the divorce was granted appellant owned his home in Ashland which both he and appellee valued at $6,000. No value was placed on the household furnishings. He also had $960 in a savings account. At the hearing in 1943, on his motion to modify the judgment by awarding alimony in a lump sum, he claimed that $500 in the savings account had been lost in a business venture. Appellant insists that the judgment is erroneous in that the

lump sum award of alimony consumes his entire estate. Appellee apparently was satisfied with the original judgment which gave her the use of the home and a monthly allowance of $65, but appellant was dissatisfied and persisted in his efforts to have the judgment modified so as to provide for a lump sum award. He still maintains that a lump sum award is for the best interest of the parties, but argues that the award in no event should exceed one-half of his estate and cites a number of cases in which the award varied from one-fifth to one-half of the husband's estate. In Turner v. Ewald, 290 Ky. 833, 162 S. W. 2d 181, 186, it was said:

"In this jurisdiction a lump-sum award in lieu of a periodical allowance is favored where the husband owns sufficient property to permit such a settlement of alimony claims fairly to both parties.* * *

"The proportion of the husband's estate which should be awarded the wife, where an allowance in gross is made, is not determined by any hard and fast rule, but the amount allowed is controlled by the facts and circumstances of the particular case * * *."

Where a husband has a large earning capacity but only a small estate, it would be unfair to the wife to award her alimony in a lump sum limited to a percentage of the husband's estate. Here the husband insisted and still insists that a lump sum award of alimony be made, and he cannot complain because such an award was made. An award limited to one-half of his estate would be grossly unfair to the appellee. The cases relied upon by appellant have no application to the facts of the present case. In determining the amount of alimony many elements must be considered, including the age, health, and earning capacity of both parties, the property the husband has accumulated and his general ability to pay. Sabel v. Sabel, 286 Ky. 575, 151 S. W. 2d 56. At the time the action for divorce was instituted appellant was 51 years of age and appellee was 50. He is in good health and earns nearly $4,000 a year. The appellee is not in good health, owns no property, and is not equipped in a profession or business that enables her to make her own living. She assisted materially in accumulating the small estate now owned by appellant.

She did all the work about the house during her entire married life, and was economical in the management of the household affairs. Under all the facts, we think the allowance of alimony is fair and equitable, and the judgment is affirmed on both the appeal and the cross-appeal.