Chancie HALL et al., Appellants,

v.

Glennon F. HALL, Appellee.

Court of Appeals of Kentucky.

June 19, 1964.

O. Lander Bright, Flemingsburg, Walter F. Smith, Cincinnati, Ohio, for appellants.

Howard McCartney, William Walton, Flemingsburg, for appellee.

MONTGOMERY, Judge.

Chancie Hall appeals from the judgment allowing her alimony at the rate of $100 per month for fifty months and the allowance of $750 for her attorneys. They are also parties to the appeal. She was also granted the custody of the three children and allowed $150 a month for their support. Divorce was granted to each party.

Chancie complains that the Chancellor did not take into consideration the estate of her husand, Glennon F. Hall, in making the alimony allowance and that the alimony and attorney fee allowed are insufficient. According to the wife's proof, appellee's gross estate amounted to $80,541.66. An exhibit filed by appellee placed the value of his estate at $76,200, less debts of $7,220 or a net estate of $68,980.

The problem is occasioned by a misunderstanding of the meaning of Heustis v. Heustis, Ky., 346 S.W.2d 778. The judgment recites:

> "There not appearing to have been any accumulation of property made by the parties during coverture as the result of their joint efforts, but such property as is held by defendant appears to be directly traceable to gifts from his own family, and not gifts from the wife, no division of property is called for, as defined in Heustis v. Heustis, 346 S2W (sic) 778, which decision of the Court of Appeals, this court is endeavoring faithfully to follow and obey."

Apparently the Chancellor proceeded under the theory that alimony could be awarded only from property accumulated by the joint efforts during coverture. Appellee claimed that the value of gifts to him from his father and mother approximated the net worth of his estate and the amount thereof was not includable in his estate. Both parents had made substantial gifts to appellee.

It is unnecessary to relate the many factors which may properly be considered in making an allowance for alimony. The estate of the husband as the corpus to be carved is the most important factor. Consideration should be given to the source of the property involved, that is, how and when it was acquired and whether acquired or accumulated before or after marriage; the estate of each of the parties at the time of their marriage; whether the property is the husband's separate estate or the joint accumulation of the parties; and the contributions of each to the joint or accumulated property. 27A C.J.S. Divorce § 233 (1), pages 1036–1037. See also 2 Nelson, Divorce and Annulment, 2d Edition, Section 14.42, pages 65–68.

Although the exact question of whether parental gifts may be excluded from the husband's estate in determining the alimony allowance has not been presented in this jurisdiction, the Court is not without precedent. See Lewis v. Lewis, 289 Ky. 615, 159 S.W.2d 995; Maher v. Maher, 295 Ky. 263, 174 S.W.2d 289; Simpson v. Simpson, 298 Ky. 375, 182 S.W.2d 965; Dalton v. Dalton, 304 Ky. 223, 200 S.W.2d 469; Ahrens v. Ahrens, 313 Ky. 55, 230 S.W.2d 73; James v. James, Ky., 248 S.W.2d 706. In the Ahrens case the Court declined to include income from trust estates which terminated at the death of. the husband but did consider the estate inherited by him from his grandfather. In the James case it was held that the prospect of inheritance by the husband, as the only child, from his mother could be considered, although the circumstances there were somewhat unusual. Accordingly, there is little difficulty in deciding that the entire estate of appellee should have been considered and the alimony allowance made without excluding any portion as having been a gift. This is not to say, however, that significance should not be attached to the fact that parental gifts may have served to create the estate along with any accumulation from the joint efforts during marriage.

Certainly it was not intended in the Heustis case to exclude parental gifts. Except for the misconstruction of Heustis, no case is suggested where an exclusion from the husband's estate was made by reason of gifts received by him. The statute, KRS 403.060, makes no exclusion from the estate.

The failure to so regard appellee's estate is reversible error, necessitating a reconsideration of the alimony allowance. In doing so, the Chancellor should consider also the desirability of allowing monthly payments or a lump sum or a combination thereof, as well as the other factors involved.

Such determination of the alimony question eliminates the necessity of considering the sufficiency of the attorney fee except as noted. A reasonable fee to one attorney only can be allowed the wife in a suit for alimony and divorce. Whitney v. Whitney, 70 Ky. (7 Bush) 520. The fact that two attorneys represented appellant means that they must share the fee. Consideration should be given to services rendered on this appeal. See Maynard v. Maynard, Ky., 251 S.W.2d 454. The necessary items of costs and expenses in litigation should not be considered in allowing the attorney fee, but they should be taken into consideration in the allowance of alimony and costs. KRS 453.120.

Judgment reversed for further proceedings consistent herewith.