**Alberta Vice ADAMSON, Appellant,**

v.

**Emmitt ADAMSON, Appellee.**

Court of Appeals of Kentucky.

June 26, 1964.

Philip Hargett, Maysville, for appellant.

James E. Clarkson, Maysville, for appellee.

EARL T. OSBORNE, Special Commissioner.

This is an action by the plaintiff for divorce from the defendant on the grounds of cruel and inhuman treatment. Proof on behalf of the plaintiff shows many and various cruel acts upon the part of defendant from the use of profane and indecent language to cruel beating. Defendant does not deny that the events testified to by plaintiff transpired but merely states that they were not quite as bad as plaintiff testified.

The trial court properly granted plaintiff a divorce and made no finding of fault upon her part but nevertheless declined to award her alimony.

Having granted a divorce without finding fault on her part, the court erred in not awarding alimony. Henderson v. Henderson, Ky., 336 S.W.2d 581, and cases cited therein.

Therefore, it is recommended that the judgment be reversed with directions that appellant be awarded alimony.

PER CURIAM.

The briefs of the parties indicate that the controversy and the judgment principally involve the application of principles stated in Heustis v. Heustis, Ky., 346 S.W.2d 778. Apparently that opinion has been misconstrued as authorizing the denial of alimony unless the parties have by their joint efforts accumulated property during coverture. We dispelled this misconception in Hall v. Hall, Ky., 380 S.W.2d 231 (opinion handed down June 19, 1964).

■ Since it appears the wife has no estate of her own, an alimony allowance should be made.

The opinion, as supplemented, is approved by the Court and the judgment is reversed in part for consistent proceedings.