Minnie Sue **ELLIOTT, Appellant,**

v.

*William E.* **ELLIOTT, Jr., Appellee.**

Court of Appeals of Kentucky.

March 4, 1966.

Francis M. Burke, F. Dale Burke, Pikeville, for appellant.

E. R. Hays, Baird & Hays, Pikeville, for appellee.

WADDILL, Commissioner.

Minnie Sue Elliott has appealed from a judgment contending that the trial court erred in failing to allow her alimony and in fixing an inadequate allowance for child support.

At the time of the trial appellant and appellee had been married almost 19 years and had four children ranging in ages from 9 to 16 years. Appellee receives wages of $125 a week plus about $400 a year royalty on a 1/16 interest in a gas well. During 1960 appellee had purchased a $35,000 home. Appellee's father co-signed a note to acquire funds for the down payment and the parties mortgaged the property to pay the balance of the purchase price. Appellee's father has also furnished the $300 a month to meet appellee's financial obligations on this house which, at the time of trial, totaled $31,437. So far as the record discloses neither party owns any other real property.

The judgment granted appellant a divorce, awarded her occupancy of the home place, gave her all household furnishings and custody of the four children, directed appellee to pay certain outstanding debts, to provide laundry and dry-cleaning for the family, to supply funds for medical and educational expenses of the children and to pay Minnie Sue:

> "* * * for the support of herself and the four children of the parties the sum of $300.00 per month, payable at the rate of $150.00 on the first and fifteenth days of each month, the first payment to be made on August 15, 1964, and on the first and fifteenth days of each month thereafter until the further orders of the Court."

■ Appellant correctly urges that, since she was not found to be at fault in the breakup of the marriage, she is entitled to alimony. Hall v. Hall, Ky., 380 S.W.2d 231. However, as we construe the judgment appellant is given a cash allowance of alimony and an additional allowance of alimony in the form of occupancy of the former home place and ownership of the household furnishings.

■ During the trial appellee indicated he would be willing to pay the sum of $80 a week. Appellant contends that it was

error to award less than this amount. After considering the evidence with respect to appellant's present financial needs and appellee's ability to pay support and alimony, we cannot reasonably say the trial court abused its discretion in awarding $300 a month. In the event there is a change of condition with respect to the parties or their children, the trial court may reopen the case for a hearing.

The judgment is affirmed.