## Honaker v. Honaker.

(Decided November 12, 1918.)

### Appeal from Floyd Circuit Court.

1. Divorce—Rights in General.—The husband, following divorce, is not entitled, under section 425, of the Civil Code, to have restored to him an interest in land which he had conveyed to the wife during the marriage, for the purpose of defrauding his creditors.

2. Divorce—Payment of Costs by Husband.—Where it is proven that the wife is not at fault, even though she is possessed of ample estate, under section 900 Kentucky Statutes, the husband is compelled to pay her costs, including a reasonable attorney's fee, in her suit for divorce.

3. Divorce—Attorneys' Fees.—When no evidence is offered by either side as to the value of her attorneys' services in such an action, it is proper for the chancellor to ascertain from the record the services performed and fix their value from his own knowledge of such matters.

4. Appeal and Error—Reversal.—By section 756 of the Civil Code this court is not permitted to reverse a judgment for an error that is not prejudicial to the substantial rights of the complaining party.

C. B. WHEELER, HARKINS & HARKINS and D. M. HOWERTON for appellant.

MAY & MAY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing on original and affirming on cross appeal.

In this action for divorce and alimony by the wife the court granted her a divorce, and in an attempt to restore to each the property received from the other during and by reason of the marriage relation, ordered a conveyance to the husband by the wife of an undivided one-half interest in about 300 acres of land the title to which she held. The wife is appealing from so much of the judgment as granted to the husband a restoration of one-half of the land, upon the ground that even if the evi-

dence is sufficient to warrant the court's finding of fact that the land was the joint property of the husband and wife, and even if it should be held here, as claimed by the husband, that the land was his sole property, it is conclusively proven that he had it conveyed to the wife for the fraudulent purpose of defeating his creditors, and that he was, therefore, not entitled to recover any part of it. The husband has prosecuted a cross appeal from so much of the judgment as denied him a restoration, under section 425 of the Civil Code, of the whole of the land and to the allowance made to his wife's attorneys.

. We are unable to reconcile the chancellor's findings of facts, since he found as facts established by the evidence, first, that the land was the joint property of the husband and wife, and the title held by her for their joint benefit; and, second, that the husband paid for the land and "did not procure the same to be conveyed to her for the purpose of defrauding his creditors."

1. The wife insists that neither of these findings is justified by the evidence, while the husband contends that the first finding of fact is erroneous, but that the second is sustained by the evidence, at least to the extent that, giving to the chancellor's finding its proper weight, we are unauthorized to reverse him on this question of fact. Without repeating the thoroughly established rule with reference to the weight to be given the chancellor's finding upon a question of fact, we think it has no application here because we cannot tell which of the two inconsistent findings we should accept, and besides, upon a careful consideration of the evidence, we are convinced that it is conclusively proven by not only a clear preponderance of the evidence, but by the evidence of the husband himself, that the land, even if paid for wholly by him, was conveyed to the wife at his direction for the fraudulent purpose of defrauding his creditors. Assuming for the sake of the argument that the husband bought and paid for the land, he practically admits that when he purchased it, for a long time theretofore, and at all times since, he was in debt to numerous creditors and beyond his ability to pay. He purchased the land and had it conveyed to his wife on May 5, 1903, they having been married in 1896, and lived together as husband and wife until November, 1914. In the summer of 1898 he failed in business and made an assignment for the benefit of his creditors, in the settlement of which he pur-

chased $800.00 worth of accounts for about $100.00, in the name of his wife. In December of that same year, 1898, he made an arrangement with his former wife's brother, S. H. Keel, whereby he operated, upon a commission basis, a country store and logging business, under the firm name of S. H. Keel & Company, until 1900, when he again failed, and a suit is now pending in the Floyd circuit court in which his liabilities in that undertaking are undetermined, as he admits, and in which his wife, at his direction, or at least with his knowledge and acquiescence, set up a claim for something like $6,000.00 worth of timber in which she had no interest, but which claim, if of any merit, belonged to him. After this failure, plaintiff ran a store in his wife's name, at the mouth of Toller's creek, and while so doing had the land in controversy herein conveyed to her; and so far as we can discover he continued to operate this store and the farm in his wife's name until 1907, when he formed a partnership with J. P. Layne, and under the firm name of Honaker & Layne, conducted a logging and mercantile business until 1912, when they were forced into bankruptcy and all of their assets were sold to pay their debts.

It is significant, and competent as proof, though not an estoppel, as contended by counsel for the wife, Henry, &c. v. Henry's Executors, &c., 181 Ky. 553, that in the schedule and sworn statement filed by appellee in the bankruptcy proceedings he made no mention of the fact, which he now seeks to establish, that he owned 300 acres of land held in his wife's name. The only evidence offered to rebut this almost conclusive proof that appellee, from 1898, when he used his wife's name to purchase the assets of his first business failure, until the date of their separation, did practically all of his business in her name, and had the land involved here conveyed to her for the fraudulent purpose of avoiding the payment not only of his existing indebtedness but any future debts as well, and that by so doing he was successful in hiding it from his creditors upon being declared a bankrupt, is his statement that he conducted his business and took the title to this land in his wife's name, "in order to kindly humor and pacify her," when he admits that he refused to humor her to the extent of permitting her to sign her own name to a check against the bank account he ran in her name, and when the evidence of the wife and their

two sons, aged 17 and 19, shows that he had no disposition to humor her about anything.

The conviction is to us unavoidable that even if we assume that appellee paid for this land and had it conveyed to his wife during and by reason of the marriage and without valuable consideration, he did so for the purpose of defrauding his creditors. This fact being established he is not entitled to be restored to any part of the land under section 425 of the Civil Code. Lankford v. Lankford, 117 S. W. 962; Coleman v. Coleman, 147 Ky. 383; Bean v. Bean, 164 Ky. 810.

2. Section 900 of the Kentucky Statutes compels the husband in an action for alimony or divorce, to pay the wife's costs, as well as his own, unless it be made to appear that the wife is in fault and has ample estate to pay the same, and the costs of the wife which he must pay include a reasonable fee to be fixed by the trial court for her attorneys. Edleson v. Edleson, 173 Ky. 252; Wills v. Wills, 168 Ky. 35.

As the wife in this case was not shown to have been in fault, although she has ample estate, the husband must pay her costs, including a reasonable attorney's fee. The chancellor allowed two fees for the wife's attorneys, one for $250.00 and the other $50.00; and while but one such fee should have been allowed to be divided among her counsel, as they deemed proper, Whitney v. Whitney, 7 Bush 520, a reversal will not be allowed the husband unless the total of allowances to her attorneys is in excess of a reasonable fee to a single attorney, since this court is forbidden by section 756 of the Civil Code to reverse a judgment "except for an error to the prejudice of the substantial rights of the party complaining thereof," and it is manifest that the husband is not prejudiced unless the whole of the amount he is required to pay for his wife's attorneys is more than a reasonable fee had she employed but one attorney.

No evidence was offered as to the value of such services, as either party had the right to do, and the chancellor was, therefore, authorized to look to the record to ascertain the services performed and to fix their value from his own knowledge of such matters. Schneider v. Schneider, &c., 23 Ky. Law Rep. 1154. And this court, upon appeal, will also in the same way consider the record to determine whether or not the fee allowed is reasonable. Pemberton v. Pemberton, 169 Ky. 476.

Considering the character and extent of the services necessarily performed by the wife's attorneys, whether one or more, in the preparation and trial of this case as evidenced by the record of more than 700 pages of type-written matter, together with the value of the property involved, we are unable to say that a fee of $300.00 is unreasonable.

Wherefore, the judgment is reversed on the original and affirmed on the cross appeal.