## Coleman v. Coleman.

(Decided Nov. 27, 1934.)

W. K. STEELE and E. J. PICKLESIMER for appellant.

W. W. BARRETT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Blanche Coleman was granted a divorce from her husband, Wade Coleman, and allowed alimony in the sum of $2,500. Wade Coleman appeals from the allowance of alimony.

It is first insisted that, inasmuch as appellee's pleading and proof did not authorize the granting of a divorce, she was not entitled to alimony. In this connection it is pointed out that the alleged abandonment did not last for one year, and that the cruel and inhuman treatment did not continue for as much as six months. This may be true, but under our statute living in adultery with another woman is ground for divorce

by the wife. Ky. St. sec. 2117. Though the petition did not charge adultery in terms, it pleaded that appellant went to live with, and cohabited with, another woman. In our opinion this was equivalent to a charge of adultery. On this question there was evidence that prior to his marriage with appellee appellant lived with a woman by the name of Georgia Fletcher. On the day of his marriage he left appellee and renewed his relations with the Fletcher woman. Thereupon appellee brought suit for divorce. Appellant then repented and promised to end his association with the Fletcher woman. Notwithstanding his promise, he continued his illicit relations with her. On this showing it cannot be doubted that appellee was properly granted a divorce, and was therefore entitled to alimony.

The amount of alimony presents a more serious question. The only evidence bearing on the subject was given by appellee and appellant. Appellee's evidence is as follows:

"Q. What property does your husband have, if you know? A. He owns that home place over there on Calloway.

"Q. About what is it worth? A. I don't know.

"Q. Does he own any other property? A. A little old Ford car.

"Q. Do you know whether or not he has some interest in some money? A. No, sir, I don't.

"Q. That is all the property you know of him having? A. Yes, sir. * * *

"Q. I didn't catch what you said about the property he owned? A. He owns that home place up there, his daddy did and he was heir to it and then land on Calloway.

"Q. Did he sell all the land he owned? A. No, sir.

"Q. Did he or didn't he? A. Who to.

"Q. I don't know."
Appellant's evidence is as follows:

"Q. At the time plaintiff took her depositions, Wade, quite a lot of proof was offered and put in this record as to your property. Tell the court just what property you own? A. Not any at all.

"Q. Do you own any land? A. No, sir.

"Q. Whose name is the title in? A. Leah Coleman, my mother.

"Q. She is the widow of Ferrell Coleman, who was your father? A. Yes, sir.

"Q. He left it in the name of your mother before he died? A. Yes, sir."

In short, the sum total of appellant's evidence is that he owned no property, while the sum total of appellee's evidence is that he owned land of uncertain quantity and uncertain value. Clearly appellee's evidence is not sufficient to sustain an allowance of $2,500. For aught that appears in the record that sum may exceed the value of all the property that appellant owns. It is suggested that the allowance should be sustained on the ground that the chancellor was well acquainted with the parties and their situations and stations in life, and well knew that appellant, if he wanted to, could raise $2,500 at any time it became necessary. That may be true, but the propriety of judgments rendered by a court in cases like this turns on the evidence heard and not on what the court may know outside the record. In view of the fact that the case has not been fully developed, we shall not undertake to fix the alimony, but deem it best to remand the case with directions to hear further evidence on the extent and value of appellant's estate and base the allowance on that evidence.

The $100 fee allowed appellee's attorney does not appear to have been excessive.

Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion.