## Wiggins v. Wiggins.

(Decided April 30, 1937.)

ROBERT E. HOGAN for appellant.

EUGENE R. ATTKISSON for appellee.

Opinion of the Court by Judge Perry—Reversing.

This suit was instituted in the chancery branch of the Jefferson circuit court by the appellant, Mildred Wiggins, seeking a divorce from her husband, Earl B. Wiggins, on the two. grounds of cruel and inhuman treatment and that of his cruelly beating and injuring her, upon which she prayed for a divorce, with custody of their infant son and alimony.

The charges of the petition were denied by the husband in his answer filed thereto, by which he further interposed a counterclaim, averring that his wife had left his home and abandoned him, without fault on his part, and that for some time before leaving him she had consorted with a motorcycle police officer and had been guilty of such lewd and lascivious behaviour as proved her to be unchaste, and upon which counter grounds he also sought a judgment of divorce and the custody of their infant child.

Following pleadings made up the issues, when the case was referred to the commissioner for the taking of proof and report thereon.

Voluminous testimony having been heard by the commissioner, he filed a report of his findings, with recommendation thereon, to which exceptions by both parties were filed and overruled and the report confirmed by the chancellor, who, in harmony therewith, adjudged a limited divorce from bed and board to plain-

tiff; the custody of their seven year old infant son, with the privilege given the father to see the child at reasonable times until the further order of the court; that plaintiff recover of the defendant her costs expended, including an attorney's fee of $100, $20 a month for the maintenance of the child, and $35 a month as alimony; and that the action be retained on the docket for the further consideration of these matters.

The wife complains of this judgment as erroneous, in failing to award her an absolute divorce upon the grounds of the defendant's cruel and inhuman treatment of her, in that, she contends, both her own testimony and that of her witnesses given as to her husband's cruel and abusive treatment of her, as well as the husband's cruel and baseless charge against her of lewdness and unchastity (both pleaded and testified to by her husband) most amply established her right to recover an absolute divorce, as she here sued for upon such grounds, as provided by the statute therefor.

We have carefully read the record developed in this case and are, after due consideration, inclined to concur with the finding of the commissioner, and the court's judgment based thereon, that the appellant was thereby shown entitled to a divorce, alimony, and the custody of their child, except that we are of the opinion the decree was yet erroneous in granting appellant only a limited rather than an absolute divorce, upon the ground alleged, and we conceive amply established, of the husband's cruel and inhuman treatment of her.

The facts disclosed by the record are that the appellant and appellee were married in Louisville, Ky., November 25, 1926, and have since lived alternately there and in Ashland, Ky., together as man and wife for some nine years and have, as the issue of their marriage, an infant son, Earl B. Wiggins, Jr., now some nine years of age.

We deem it would serve no helpful purpose to here set out in detail the testimony of these parties, evidencing the bickering, quarrels, and strained relations that have for some time characterized their marital cohabitation and intimacies, which appear to have been unbelievably abused at times and have lastingly alienated them, as it is sufficient to here consider, in reviewing the adequacy of the chancellor's relief decreed the appel-

lant, only the one question as to whether the husband's charge, made by his pleading and testimony, against his wife, in which he stigmatized and branded her as guilty of such lewd and lascivious behavior as proved her to be unchaste, was supported by any substantial, probative testimony, based on reasonable ground therefor, as would tend to justify his accusations as made in good faith rather than malignantly.

The evidence as to this was, we conceive, properly found by the commissioner to have originated in jealousy and the magnifying of only idle imaginings and of such trifling consequence as to be entirely insufficient to give any substantial support to the husband's charge against his wife of lewd and lascivious behavior.

The testimony of the husband and his witnesses as to this not only failed to support his malignant assault upon the character of his wife, but appeared so baseless and of such a chimerical nature as to have had its origin, not in any particular instance of his wife's misbehavior or improper conduct, but rather in the malevolent and sinister suspicions emanating from the jealousy of the husband, by which apparently harmless incidents, occurring in the ordinary routine and conventions of life, were converted into mountainous wrongs, aptly recalling the familiar lines, quoted in the commissioner's findings, that:

> "Trifles, light as air,
> Are to the jealous confirmation strong,
> As proofs of holy writ."

The provision of the Statutes (section 2117) is that a divorce may be granted the wife, when not in like fault, upon the ground of the husband's "habitually behaving toward her, * * * for not less than six months, in such cruel and inhuman manner as to indicate a settled aversion to her, or to destroy permanently her peace or happiness." In construing this statutory provision, it has been repeatedly held by us that the husband's making of an unfounded charge of lascivious conduct against an innocent wife is in itself evidence of and constitutes cruel and inhuman treatment within the meaning of the statute, entitling the wife to divorce, except where the charge is made, not maliciously but in good faith, upon reasonable grounds for believing it, even though held untrue. Grove v. Grove, 239 Ky. 32, 39 S. W. (2d) 193;

Williamson v. Williamson, 243 Ky. 544, 49 S. W. (2d) 337; Nichols v. Nichols, 189 Ky. 500, 225 S. W. 147; Jones v. Jones, 205 Ky. 538, 266 S. W. 48. Also, we have held that accusations in pleading of spouse as to improper conduct of the other spouse, where not supported by such evidence as to imply good faith, constitutes cruel and inhuman treatment where false and malicious. Morgan v. Morgan, 231 Ky. 420, 21 S. W. (2d) 653; Austin v. Austin, 243 Ky. 848, 50 S. W. (2d) 9; Bush v. Bush, 245 Ky. 172, 53 S. W. (2d) 352. However, while an unfounded charge, made not in good faith, by the husband suing for divorce of wife's lewdness of itself constitutes cruel treatment (Riley v. Riley, 233 Ky. 134, 25 S. W. (2d) 59), we have held that husband's charge of lewd and lascivious conduct on wife's part made in husband's answer did not constitute cruel and inhuman treatment where, under the evidence, there were shown facts within the husband's knowledge which were sufficient to authorize him to make such charge in good faith. Sallee v. Sallee, 213 Ky. 125, 280 S. W. 982.

Clearly, the testimony of the husband and his witnesses as to instances of alleged misconduct on the part of his wife, upon which he here based his charge that she was loose and lascivious in her behavior, was found to be altogether without substance or of the quality to induce conviction, and therefore, his baseless charge having only such support (which amounted to no support), it must needs have been made by him not in good faith but maliciously, and as such constituted, as set out supra, cruel and inhuman treatment within the meaning of the statute and entitled her, we conclude, to an absolute divorce and reversal of the judgment as erroneous, in so far as it failed to grant her such.

The appellant further insists that the alimony allowance made her of $35 a month, together with the $20 a month maintenance provision made for the child, whose custody was awarded her, is insufficient for her reasonable support and the proper and necessary care and support of the child.

In estimating the allowance of alimony, there is no fixed standard, but in determining its amount, the relative responsibility of the parties for the divorce is a proper consideration. Emery v. Emery, 264 Ky. 331, 94 S. W. (2d) 634. We said in the case of Kelly v. Kelly, 183 Ky. 172, 209 S. W. 335, 338:

"As to the amount of the alimony, the proof shows that the wife is entirely without property, and the principle applying, * * * in providing for the wife. an allowance out of the husband's estate, is that the alimony awarded should be so apportioned as to secure to the wife the same social standing, comforts, and luxuries of life as she would have had, but for the enforced separation, considering the amount of the husband's estate and the care of the children, if any, and the circumstances and cause of the separation, the husband's present and future prospects and his ability to earn money."

Also see Williamson v. Williamson, 243 Ky. 544, 49 S. W. (2d) 337, wherein this principle (announced in the Kelly Case, supra) governing the allowance of alimony to the wife is quoted with approval.

The evidence here shows that the appellee has for years had regular employment, that he now has some $550 in bank to his credit, owns a car, and is employed at a salary of $160 a month, and, further, that he was at the time of the late depression earning a monthly salary of $210 and will likely soon again be receiving a larger salary than his present one. Influenced by these considerations, we are of the opinion that the court, upon granting the wife an absolute divorce, should further award her a larger amount than the $35 allowed or should award her the somewhat larger monthly alimony of $50.

Further, it is urged that the allowance to appellant by the court of $100 as a fee for her attorney's services was inadequate, and it is asked that a larger allowance be made.

We, however, in view of its appearing that the record does not show a long or extended service has been here rendered appellant by her attorney, for all that same was skillfully and well performed, are of the opinion that the fee allowed him of $100 by the chancellor for his services in the lower court was both proper and ample. Martin v. Martin, 258 Ky. 177, 79 S. W. (2d) 682; Coleman v. Coleman, 256 Ky. 530, 76 S. W. (2d) 593.

Such being our conclusions reached as to these matters presented, it follows, for the reasons indicated, the judgment must be reversed in part, with directions to enter a judgment in conformity with this opinion.