# Pennington v. Pennington.

April 27, 1943.

.J. R. Sowards for appellant.

L. D. Bruce for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming in part and reversing in part.

The Penningtons were married in Greenup County in 1920. Three children were born to the union; a boy, now in the Navy, and two infant girls, one 13 and the other 11 years of age when this action was instituted. The appellee, E. B. Pennington, purchased a small piece of property in 1925, referred to as the Caroline property, consisting of a house and four acres of ground. The deed was taken in the name of the wife, Edna Pennington, the appellant herein. In 1930, Pennington bought a piece of property in Fullerton against which there is now a debt of some $2,500. The deed to that piece of property was also taken in the name of the wife. Pennington was adjudged a bankrupt in 1931. His schedule of assets made no mention of the aforementioned properties. The appellee instituted this proceeding in 1941, seeking an absolute divorce on the grounds of cruel and inhuman treatment, and lewd and lascivious conduct on the part of the appellant. He asked custody of the two infant girls, and for a restoration of the real estate held in the name of the appellant. In her answer and counterclaim Mrs. Pennington denied the charges advanced by her husband, and in turn sought a divorce upon the grounds of habitual cruelty and adultery on the part of her husband. She asked the care and custody of the two infant girls, and maintenance for them, as well as alimony for herself and a fee for her attorney. The trial resulted in a judgment granting a divorce to the appellee, the restoration of the Fullerton property to him, the retention of the Caroline property by the appellant, the leaving of the two girls with their mother with an allowance of $40 per month for their maintenance, and the denial of alimony for the wife and an allowance for her attorney. Mrs. Pennington is insisting it was error to

divest her of the Fullerton property, that the allowance of $40 per month for the two children is inadequate, that she should have been allowed alimony, and that there should have been a reasonable allowance for a fee for her attorney.

The record reveals that the married life of the Penningtons was quite turbulent. Mrs. Pennington is a very high-tempered woman, and the record warrants the statement in the judgment to the effect that her one redeeming feature was her ability to save money, and to her should be given considerable credit for the accumulation of the property. The appellee has been employed as a brakeman by the C. & O. Railway Company for a number of years. He has made good wages. Upon cross-examination he said he was making $234 a month, though he said on direct examination he was making only $180 per month.

It would serve no good purpose to review the testimony as to the difficulties between the Penningtons. We have examined the record carefully and are convinced the chancellor properly adjudged a divorce to the appellee. While the appellant earnestly insists the accusations of lewd and lascivious conduct were unfounded, and, therefore, sufficient to constitute cruel and inhuman treatment and a proper ground for divorce, we have no hesitancy in saying we believe the charges were made in good faith and upon reasonable grounds. Even if they were proved to be untrue, there is ample evidence relating to the conduct and statements of Mrs. Pennington which would have warranted their being made. Under the circumstances, such charges would not constitute cruel and inhuman treatment. Wiggins v. Wiggins, 268 Ky. 352, 104 S. W. (2d) 1097. The charge of adultery made by Mrs. Pennington against her husband concerned his visits to the home of a woman some 70 years of age. This woman testified that Pennington occasionally came to her home, that he had done odd jobs about the place for her, and that she had looked upon him as a son. Under the circumstances, we think it was proper for the chancellor to deny alimony for Mrs. Pennington. The judgment permitted her to retain the Caroline property where she and her daughters make their home. The record discloses she receives an allowance from her son who is in the Navy, and that she has some $700 in Government bonds, in addition to an undisclosed amount in cash.

We turn now to the question of the allowance of $40 per month for the maintenance of the two young girls. We believe that allowance to be too small, regardless of whether Pennington's monthly income is $180 or $234. In addition to his monthly income he has the Fullerton property. The record does not disclose the present value of that property, but it was purchased for around $5,000 in 1930. We may say in this connection that, while the judgment does not specifically direct, the debt on the property, as between the parties, falls upon the appellee and we so interpret it.

In the case of Braden v. Braden, 280 Ky. 563, 133 S. W. (2d) 902, also a Greenup County case, we approved an allowance of $20 per month for the support of a child two months of age where the father was earning from $110 to $180 a month, and who was also maintaining three other children. Taking into consideration Pennington's financial status, and the amount needed for the support of two girls, ages 11 and 13, we have concluded that the allowance for their maintenance should be increased from $40 to $60 per month. Of course, as directed in KRS 403.070, the chancellor retains jurisdiction of the cause, and at any time may modify the order of allowance.

We are also of the opinion that an allowance should have been made for a fee for Mrs. Pennington's attorney. KRS 453.120 provides the husband shall pay the costs of each party, unless it appears in the action that the wife is in fault and has ample estate to pay her costs. It was the view of the chancellor that Mrs. Pennington had sufficient estate to meet her costs. We think otherwise. The Caroline property is worth only $1,800. In addition to that, she has only some $700 in Government bonds, and an undisclosed amount of cash, which probably is not sizable. She receives an allowance from her son, but this money will be needed for her own support, because the evidence indicates she is not physically able to work. Under the circumstances we think an allowance of $100 should have been made for her attorney, and we so direct.

Section 425 of the Civil Code of Practice directs that every judgment for divorce from the bonds of matrimony shall contain an order restoring any property not disposed of at the beginning of the action, which either party may have obtained, directly or indirectly, from or

through the other, during marriage, in consideration or by reason thereof. The two pieces of property held in the name of Mrs. Pennington were obtained through money coming into the hands of Pennington, though it is true, as we have indicated, that the good business judgment and management on the part of Mrs. Pennington constituted no small part in the acquisition of the property. Under the circumstances, the chancellor could have adjudged that all the property should have been restored to the appellee, but there is no cross-appeal, so we will concern ourselves no further with that phase of the case.

But the charge is made that the action of Pennington in failing to list his interest in the two pieces of property on his schedule of assets when he was adjudged a bankrupt in 1931 constituted fraud on his part, and therefore places him in a position where he comes into equity with unclean hands. In the case of Honaker v. Honaker, 182 Ky. 38, 206 S. W. 12, it was pointed out that it was competent to show a husband failed to list on his schedule of assets in a bankruptcy proceeding that he held property in the name of his wife, but that such fact would not constitute an estoppel on the part of the husband. Where there is a showing the husband has taken property in the name of his wife for the purpose of defrauding creditors, a situation is created where the husband does not come into equity with clean hands when he asks for the restoration of his property in a divorce proceeding. Here there is no proof whatever as to an effort on the part of Pennington to perpetrate a fraud upon his creditors; the only evidence being that he did not refer to the property on his schedule of assets in the bankruptcy proceeding. The record shows one piece of property was purchased in 1925, and the other in 1930. It was not until 1941 that Pennington made any claim to the property. In all probability the question would never have been raised by him had not the divorce action been instituted. Under the circumstances we think the charge that Pennington attempted to perpetrate a fraud upon his creditors in failing to refer to the two pieces of property in his schedule of assets in the 1931 bankruptcy proceedings is unfounded.

Wherefore, the judgment is affirmed as to the restoration of the Fullerton property to the appellee, and the denial of alimony to the appellant. It is reversed as to the allowance for the maintenance of the two infant chil-

dren and an allowance for a fee for the appellant's attorney, with directions that those parts of the judgment be set aside, and for the entry of a judgment in conformity with this opinion on those points.