## Stokes v. Stokes.

Dec. 8, 1943.

Joseph S. Freeland for appellant.

Turner & Turner for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The parties to this litigation were married on September 28, 1906, and lived together as husband and wife

until January 14, 1943, when the appellant, Gertrude Stokes, sued the appellee, Jesse T. Stokes, for divorce on the ground of cruel and inhuman treatment. They had seven children, five of whom are living. All of the surviving children are now more than 21 years of age. The judgment granted to the plaintiff an absolute divorce and awarded her permanent alimony in the sum of $800, which has been paid. The plaintiff excepted to so much of the judgment "as does not allow to plaintiff any greater sum as alimony than allowed therein, and does not allow to her and require the defendant, Jesse T. Stokes, to make to her any further or future payments by way of alimony or maintenance in and for the future." The appellee owns real estate worth $2,750, subject to a $600 mortgage, and at the time depositions were taken was earning $39 a week. He had been regularly employed for many years.

The sole cause of friction between the parties was appellant's church affiliation. Appellee is fanatically intolerant in religious matters and, though he never attends church, is a violent critic and opponent of the church to which his wife belongs. After they were married he insisted that Mrs. Stokes should not attend the services at her church, and refused to permit their children to receive religious instruction in her faith. In order to preserve marital peace appellant refrained from attending church services for more than thirty years, and none of the children went to her church during his or her minority. The oldest daughter, when 24 years of age, joined the church of which her mother was a member, and her father drove her from his home and refused to speak to her thereafter or to permit her to visit in the home. This occurred ten years before the separation. Two other children joined their mother's church after they were 21 years of age, with the same result. After most of the children had married and left home and all were of mature age, appellant requested appellee to permit her to attend church. She told him she had kept her promise about the children, and that she "wanted to go back to church." He objected, but she began attending church services and thereafter conditions in the home deteriorated rapidly. Appellee became abusive, and his conduct was so unreasonable and disagreeable that appellant was compelled to leave. His religious intolerance was the sole cause of the separation.

Appellant contends that the alimony allowed to her

is inadequate, and this is the only question presented on this appeal. She owns no property and has no means of support. The circuit court apparently considered only appellee's accumulated property in awarding alimony in a lump sum. In arriving at the amount of alimony many factors must be considered, such as the age, health, and earning capacity of both husband and wife and the property the husband owns. Lewis v. Lewis 289 Ky. 615, 159 S. W. (2d) 995; Sabel v. Sabel, 286 Ky. 575, 151 S. W. (2d) 56; Dodd v. Dodd, 278 Ky. 662, 129 S. W. (2d) 166; Wiggins v. Wiggins, 268 Ky. 352, 104 S. W. (2d) 1097. The chancellor awarded appellant alimony in the sum of $800, approximately one-third of appellee's accumulated property, but obviously failed to consider the earning capacity of either party. Appellee has no dependents and is earning $39 a week. Appellant is 56 years of age, has never followed any business or profession and is not equipped to earn a living. We think that in addition to the $800 permanent alimony the chancellor should have allowed appellant $20 a month, subject to the further orders of the court.

The judgment is reversed, with directions to enter a judgment in conformity herewith.