## Whitaker v. Whitaker.

Nov. 17, 1944.

Joe Hobson for appellant.

Edward L. Allen for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellee sued appellant for divorce on the ground of cruelty. Appellant counterclaimed, seeking a divorce and alimony on the same ground. The Special Chancellor dismissed appellee's petition, granted appellant a divorce, and awarded her as alimony the dwelling house "and sufficient other portions of said land (appellee's) so as to make in value including said improvements the sum of $800.00." He also awarded her her costs, including her attorney's fee, a lien for unpaid temporary alimony, the custody of their thirteen year old son and $20 per month for his use and benefit "commencing March 1, 1943, and continuing for a period of five (5) years thereafter." The judgment further directed that appraisers be appointed to lay off to appellant that portion of appellee's land awarded her, directed its conveyance to appellant upon confirmation of the report of the appraisers, and in express terms provided that the real estate was awarded appellant in lieu of all other claims for alimony. Hence, we must regard it as an award of "lump sum alimony." Appellant excepted to the report of the appraisers, and, in the order overruling the exceptions, the Court approved a deed which the order recites was executed and tendered by appellee in obedience to the judgment and deposited by him with the Clerk of the Court.

This appeal was filed more than a year ago; passed to the second call of the docket and several times con-

tinued, notwithstanding which facts appellee has filed no brief. Accordingly, we shall apply the provisions of Rule V of the Rules of Court to the extent of accepting as true the statements of fact contained in appellant's brief where these statements are sufficiently definite to base a decision thereon. Skaggs v. Ohio Valley Rock Asphalt Co. et al., 292 Ky. 758, 166 S. W. 2d 1005.

Appellant contends that the Chancellor erred in refusing to allow her anything for her support and maintenance; that he should have allowed to appellant the personal property in the home; and that he should have required appellee to contribute to the support of the infant son until he reached the age of twenty-one years. We shall examine these contentions in their order.

I. The Chancellor was without power to divest appellee of the fee-simple title to any portion of his real estate, and had appellee, instead of acquiescing, prayed a cross-appeal, we would have been compelled to reverse that portion of the judgment which purported to do so, since it was entered in direct violation of KRS 403.060. However, the Chancellor did have the power to award a lump sum in lieu of, or in addition to monthly or weekly alimony, and since the record shows that appellee, in compliance with the judgment, executed and tendered the deed which, presumably, nothing to the contrary appearing, appellant accepted, it is necessary to determine only whether appellant was entitled to anything in addition to the lump sum awarded. Except for the statement in appellant's brief that the $800 allowed in real estate was supposed to represent one-third of appellee's accumulated property, we have been furnished with no statement as to appellee's gross or net worth. Neither have we been furnished with any data, unless we should regard the nearly 700 pages of testimony as such, from which it could be computed. Under these circumstances we would be inclined not to disturb the Chancellor's finding, except for the fact that it is unequivocally stated in appellant's brief that appellee at the time of his marriage had an earning capacity of $8 per day, and that appellant is in bad health, afflicted with several serious diseases, and unable to earn a living. While it is true that it is also stated in appellant's brief that appellee is a carpenter and employed in a defense plant at a weekly wage of $90, we cannot discard the belief that such exorbitant wages are

ephemeral; nor can we wholly disregard the fact that the Chancellor was of the opinion that the lump-sum award of $800 was sufficient for all purposes other than the support of the infant, nor the fact that appellee is required to pay $20 per month for that purpose. In view of these considerations we think that, in addition to the $800 "lump sum alimony," the Chancellor should have allowed the appellant the sum of $30 per month for her support, subject to the further orders of the Court as the circumstances of the parties may alter. This disposition of the question under consideration accords with our decision in the case of Stokes v. Stokes, 296 Ky. 124, 176 S. W. 2d 260.

II. The difficulty with appellant's contention that the Chancellor should have allowed her the personal property in the home is that her brief contains no statement as to the value or character of the personalty, or by whom it was acquired; and we would not be justified in assuming that the Chancellor in making the $800 lump-sum allowance, failed to take into consideration the value of the personalty referred to.

III. In the case of Sandlin v. Sandlin, 289 Ky. 290, 158 S. W. 2d 635, 637, where the lower court had limited the period during which the father was required to pay the mother monthly a sum for the support of their infant child, we said: "Under ordinary circumstances the father's responsibility for the maintenance of his child continues until the child becomes 21 years of age, and, while conditions may justify a court of equity in relieving the father of this responsibility after the child has arrived at a certain age under conditions then existing, there is nothing in this record which indicates that when the child becomes 16 years of age the conditions governing a decision as to maintenance will be different from those existing at the present time. It was therefore improper for the Chancellor to decide so far in advance that the maintenance should be stopped when the child arrives at the age of 16. This question should be determined upon a hearing at that time."

Applying these principles to the case at Bar, it is obvious that appellant's complaint that the Chancellor erred in directing that the allowance for the support of the infant son should terminate prior to his obtention of his majority is well founded.

Judgment reversed for proceedings consistent with this opinion.