Grace L. CARLTON, Appellant,

v.

Whitley CARLTON, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1956.

Fred Lisanby, Georgetown, for appellant.

J. C. McKnight, Georgetown, L. M. Ackman, Williamstown, for appellee.

WADDILL, Commissioner.

The facts involved in this divorce action were discussed in an opinion we rendered on the original appeal. Carlton v.

Carlton, Ky., 265 S.W.2d 477. Therein we held that the chancellor erred in denying Mrs. Carlton a divorce. We remanded the case to the circuit court with directions to grant Mrs. Carlton a divorce and alimony. However, we declined to pass upon the amount of alimony that should be awarded to Mrs. Carlton because that question was not directly before us for review.

Upon a reconsideration of the issues involved in this case, the chancellor granted Mrs. Carlton a divorce; awarded her alimony in the sum of $25 per month; allowed her attorney a fee of $500, and adjudged the costs of the action against Mr. Carlton. Mrs. Carlton has appealed from that part of the judgment fixing her alimony at $25 per month. She asserts that she is entitled to lump sum alimony in the sum of $15,000, the amount sought in her complaint.

At the time of the separation Mrs. Carlton was sixty-three and Mr. Carlton was sixty-one years of age. Each of them had been married previously.

Both parties had property at the time of their marriage. Mrs. Carlton owned a farm which she sold for $53,000 shortly after her marriage to Mr. Carlton. From this sum she paid a personal indebtedness of $14,075.61; divided $28,025 between seven of her eight children, and gave the eighth child her personal note for $6,000. Her remaining funds were invested in two houses, except $2,000 which was expended in helping to furnish and equip Mr. Carlton's residence as a tourist home. Mr. Carlton has cash and government bonds amounting to approximately $12,000, a house and lot of the value of $15,000, and an automobile.

This unfortunate matrimonial adventure lasted less than two years. We will refrain from reciting the details of the events leading to their constant turbulence, except to observe the seriousness of one of their disputes. On this occasion a difficulty between them resulted in Mr. Carlton being fined, incarcerated, and placed under a bond to keep the peace.

We concede that under this record the chancellor was confronted with a perplexing problem in fixing a proper award of alimony to Mrs. Carlton. However, in cases of this character we favor an allowance of lump-sum alimony. Considering the age of the parties, their station in life, their financial condition and other such factors, we have concluded that an allowance to Mrs. Carlton of lump-sum alimony in the amount of $2,000 would be equitable.

The judgment is reversed, with directions to set it aside as far as alimony is concerned, and to enter a judgment awarding Mrs. Carlton alimony in a lump sum of $2,000.