**Henry Van Dyke STEWART, Appellant,**

v.

**Marjory Ellison STEWART, Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1957.

Rehearing Denied June 7, 1957.

William G. Reed, Carrollton, for appellant.

George B. Ryan, Louisville, for appellee.

CLAY, Commissioner.

Appellant husband was granted a divorce from his wife, and this appeal is from so much of the judgment as makes restoration of the respective properties of the parties.

They were married in 1942. Appellant was attending medical school and subsequently served his internship at a small salary. For three years after the marriage the wife was employed and made various contributions to the living expenses of the parties. During the course of the marriage certain stocks were registered in their joint names, and certain household and office furnishings were purchased jointly.

The Chancellor restored to the wife stocks which had been purchased with her money and restored to the husband stocks which had been purchased with his money. He also allowed the wife credit for the sale price of an automobile which she advanced to the husband. Because what is known as the Stewart Diagnostic Laboratories was conducted by the parties as a partnership, the Chancellor awarded each a joint interest in the furnishings and he off-set the earnings of each in this venture against the earnings of the other.

■ On this appeal the husband claims that he was not allowed sufficient credit for certain contributions which he claims he made to items of property purchased by the wife. He admits there should be a balance of approximately $4,000 in the wife's favor, but it is not pointed out in appellant's brief in what respect this figure differs from the net amount allowed by the judgment and he fails to disclose any sound reason why the judgment in this respect was erroneous. The findings of fact by the Chancellor are supported by substantial evidence, and unless clearly erroneous, they should not be set aside. CR 52.01.

Apparently the husband's real objection to the judgment is that it reaffirms the wife's title to the home purchased by the parties. The down payment for the house was borrowed from the wife's relatives who insisted title be taken in her name. It also appears that other properties of the parties were put in the wife's name to secure them from claims of the husband's former wife. The husband admitted this was done with the bank account, and it is reasonable to infer that it motivated his conduct in permitting title to the real estate to be taken in her name.

■ It has been held that when a husband permits title to be taken in the name of his wife for the purpose of defeating his creditors, it cannot be said that the property was obtained by reason of the marital relationship. Lankford v. Lankford, Ky., 117 S.W. 962; Honaker v. Honaker, 182 Ky. 38, 206 S.W. 12; Justice v. Justice, 310 Ky. 34, 219 S.W.2d 964. The husband contends that even though the title was conveyed to the wife in a transaction which had an element of illegality, a court of equity will restore the

property if the other party was guilty of misconduct and justice demands it. Conceding this exception to the rule may exist, there is no showing here that the wife was in any way at fault in accepting title to this property and we can find no special equitable claim the husband has to it. The Chancellor gave him a lien to secure the amount he had contributed toward its purchase. Under the circumstances shown, we believe the Chancellor fairly adjudicated this issue. We find no reversible error in the judgment.

The judgment is affirmed.