Anna Lee Skaggs YONTS, Appellant,

v.

Marcus YONTS, Appellee.

Court of Appeals of Kentucky.

Nov. 13, 1959.

Harry M. Caudill, LeRoy W. Fields, Whitesburg, for appellant.

Harry L. Moore, Emmett G. Fields, Whitesburg, for appellee.

STEWART, Judge.

This appeal is from a judgment granting Anna Lee Skaggs Yonts, upon divorce from her husband, Marcus Yonts, alimony in the lump sum of $1,750.

Appellant, now age 46, and appellee, now age 48, were married in 1935 and lived together as husband and wife until July, 1956. They have three children: Garry Dean, 19; Stanley 17; and Linville, 12. Appellant has taught school continuously since her marriage, except for a period of five or six years during which time her children were born. She has earned a college degree. Appellee is regularly employed at a coal tipple. He also runs a combination restaurant and grocery store, and rents out one house. He is a high school graduate.

On January 13, 1958, appellant was granted a divorce from appellee on the ground of cruel and inhuman treatment. Appellee counterclaimed for a divorce on the grounds of cruel and inhuman treatment and desertion, and also asked for the custody of his children and the restoration of his real estate. Appellant was given custody of the youngest child, $60 per month child support, possession of certain household articles, and $1,750 lump-sum alimony, upon payment of which appellant was to give

appellee a deed for her one-half interest in real estate (valued at $5,250), jointly held by appellant and appellee. Appellee was given custody of the two older children. Appellant had asked for custody of all three children and for title to appellee's real estate in lieu of alimony.

This Court is not interested in exploring the divorce issue between the parties when the divorce has been granted by the lower court. The question of the sufficiency of the alimony award is all that is involved in this appeal.

 It was held in Jones v. Jones, 261 Ky. 647, 88 S.W.2d 673, that certain factors should be considered by the chancellor in determining alimony. These include the value of the husband's estate, his income, age, health, capacity and ability to labor, and the extent to which the wife has been instrumental in helping to accumulate his estate. The wife's age, health, station in life, and other like circumstances must also be regarded in this connection.

Appellee purchased their home in 1943 for $2,500 and improved it to its present value of about $3,500. In 1947, he acquired a house from the Elkhorn Coal Company for $1,600 and improved it to its present value of about $1,750. Appellee's possessions consist of only his realty worth approximately $5,250. His earnings for 1956–57 were $4,000. He is in good health and works seven days each week.

Appellant claims to have been extremely active and instrumental in the accumulation of the estate appellee now owns. She also claims to have bought the family groceries and clothing while appellant applied his money to acquiring and enhancing the value of his real estate. The evidence, however, is not convincing on this score. Appellant is in good health, and a qualified and regularly employed school teacher, commanding a present salary of about $3,000 per year.

The fixing of alimony is a matter within the sound discretion of the chancellor, to be arrived at from all the facts of the particular case. Kelly v. Kelly, 183 Ky. 172, 209 S.W. 335. The chancellor on the scene is entrusted with such unrestricted power because his court is close to the people concerned. Undoubtedly he had in mind the factors set forth in the Jones case when he reached his conclusion. His final decision therefore should carry much weight.

After reviewing the record here, it is apparent the chancellor made a determination of property rights and alimony allowance based upon substantial evidence. Under such circumstances we will not set aside the judgment. Stewart v. Stewart, Ky., 302 S.W.2d 95. Lump-sum settlements are favored where the husband has sufficient estate to insure payment. Petrie v. Petrie, Ky., 262 S.W.2d 182. The evidence here clearly indicates appellee does have sufficient estate to pay $1,750. Accordingly, it is our view, the judgment should not be disturbed.

Wherefore, the judgment is affirmed.