**Howard DAVIS, Appellant,**

v.

**Ruby DAVIS, Appellee.**

Court of Appeals of Kentucky.

June 16, 1961.

P. H. Vincent, Ashland, for appellant.

Burchett & Burchett, Thomas Burchett, Ashland, for appellee.

STEWART, Judge.

Appellant, Howard Davis, and appellee, Ruby Davis, were married in 1941. They had three children, Howard, now 18; Raymond, now 15; and Carolyn, now 12. In 1959 appellee was granted a divorce on the ground of cruel and inhuman treatment and also was given the custody of the three children. The latter indicated to the chancellor a preference to live with their mother, who was found to be a fit and proper person to have them in her care. The provision of the judgment applicable to them is not questioned.

Appellee and the children were adjudged the right to live in the residence owned by appellant and appellee but which was ordered restored to him. The judgment also allowed $40 per month per child for maintenance; $40 per month as ali-mony; and $10,000 for lump-sum alimony, payable when the youngest child becomes self-supporting, at which time the monthly alimony allotments will cease. She was given a lien upon the residence property situated upon a 75-acre farm to secure the payment of the $10,000 at its maturity.

On this appeal reversal of the judgment is sought on these grounds: (1) The award of alimony is excessive; (2) the chancellor erred in granting alimony in both lump-sum and monthly payments; (3) a lien was wrongfully placed against the husband's property to secure the payment of the lump-sum alimony; (4) the decree of lump-sum alimony is unenforceable, since it is indefinite as to the time of payment; and (5) the fee allowed the wife's attorney is exorbitant when considered in connection with the amount of work done by him. We shall discuss each of these contentions in the order in which they are set forth above.

This Court has never adhered to a rigid rule for fixing the amount of alimony or the percentage of her husband's estate to which a wife is entitled upon the securing of a divorce. That is a matter which is left to the sound discretion of the chancellor and something which must be decided by him in the light of the facts of each particular case. See Howard v. Howard, 314 Ky. 685, 236 S.W.2d 932.

In Hicks v. Hicks, Ky., 290 S.W.2d 483, 485, it was said in part that the chancellor " * * * in determining the amount and manner of alimony to be paid is guided by no formula but, in his discretion, should consider the following elements with respect to each party: Size of estate, income, earning capacity, age, ability to labor, health, and station in life. * * * Support of children is a factor involved in some cases. The payment of alimony, either temporary or permanent, periodic or lump sum, must, of necessity, be decided upon the facts of each case, since all the elements may or may not be present in each case."

■ Applying the foregoing criteria to the present suit, we find, as did the trial court, that appellant holds real estate worth $29,000 and personal property worth $4,000; that appellant earns approximately $3,000 per year as a carpenter and about $1,000 per year from his farms; that appellee earns about $1,000 per year from her job in a school cafeteria, which job she has held for 2½ years; and that both these parties will apparently be able to work for years to come, appellee being 40 years of age and appellant 50 as of the date the divorce was granted. During the marriage appellant has acquired and paid for two farms, a 75-acre tract and an 86-acre tract, on the first of which is their residence; appellee contributed no earnings to the accumulation of this property other than she helped appellant to save funds with which to buy it. As a consequence he was given all the property, real and personal, subject to the lien imposed by the chancellor upon one piece, as noted above. The evidence established that the wife had ample cause for divorce on the ground alleged.

■ The lump-sum alimony award is somewhat less than one-third of the total value placed upon the husband's estate. We held in the recent case of Heustis v. Heustis, Ky., 346 S.W.2d 778, that the approximate equivalent of one-third of the husband's estate is a reasonable basic measure for establishing alimony, unless there are unusual circumstances rendering such a division inequitable. See also Alexander v. Alexander, Ky., 317 S.W.2d 494. Everything considered, we conclude the grant of $10,000 to the wife under the conditions set forth should stand. We are unable to say it is excessive under the evidence presented.

It is our view the monthly payments of $40 also required to be made as alimony were imposed by the chancellor because of the peculiar necessities of this case. He no doubt had in mind the fact that since the custody of the three children was bestowed upon appellee the result would be that her earning power would be seriously curtailed because so much of her attention must be devoted to caring for them. These allotments terminate when the last child ceases to be a dependent. The $40 per month was a sort of extra allowance the chancellor considered the wife entitled to while she had the children on her hands.

■■ While that portion of the judgment granting lump-sum alimony is not subject to modification on a change of conditions, the monthly installments may be altered at some future time in the sound discretion of the chancellor, for the reason that the power of the lower court in respect to them is continuous. See Cawood v. Cawood, Ky., 329 S.W.2d 569; and Renick v. Renick, 247 Ky. 628, 57 S.W.2d 663. Thus an adjustment of these payments may be made if such a need should arise. It is our opinion this feature of the judgment should not be disturbed.

■ The next argument that the court erred in granting both lump-sum and monthly payments as alimony is without merit. In Whitaker v. Whitaker, 298 Ky. 590, 183 S.W.2d 623, this Court held the chancellor had the right to grant both. See also Stokes v. Stokes, 296 Ky. 124, 176 S.W. 2d 260.

■ Appellant also objects to the lien being placed against one of his farms to secure the payment of the lump-sum alimony. This seems to be the proper and accepted practice in cases of this kind, and it has been consistently followed as standard procedure. We have been shown no good and sufficient reason why it was wrong for the chancellor to resort to this practice in the case at bar.

■■ Appellant then contends that the judgment of $10,000 for lump-sum alimony is unenforceable, as it is indefinite with reference to the date of payment. The time set in this connection is "when the youngest child becomes self-supporting." The duration of dependency, where the fa-

ther's responsibility for the maintenance of a child is involved under a court order, ordinarily does not end until the child arrives at the age of 21. See Sandlin v. Sandlin, 289 Ky. 290, 158 S.W.2d 635, 637. Therefore, since in the eye of the law a child is deemed self-supporting when it reaches majority, it could be said with a reasonable degree of certainty that the maturity date for the payment of the $10,000 item would fall on the twenty-first birthday of the youngest child. The judgment is not, as we see it, obscure or indefinite on the point raised. If a doubt should arise hereinafter on the question of when the dependency of the youngest child has ceased to exist, because of some exceptional circumstance, it could be resolved upon a hearing at that time.

A final complaint is that the fee taxed as an item of costs against appellant for appellee's attorney is too much. The fee allowed was $300. We believe the amount fixed is not excessive; on the other hand, in our opinion, it is somewhat low. However, it appears appellant has abandoned this complaint.

Wherefore, the judgment is affirmed.