**John Milton GEARHEART, Appellant,**

**v.**

**Nina GEARHEART, etc., Appellees.**

Court of Appeals of Kentucky.

June 21, 1968.

Lovel H. Liles, Greenup, for appellant.

C. B. Creech, Stanley R. Hogg, Ashland, for appellee.

EDWARD P. HILL, Judge.

Appellant, defendant in the circuit court, assails a judgment in which appellee Nina Gearheart was granted a divorce; $23,850 lump sum alimony, payable in three equal installments over a period of eighteen months; $250 per month maintenance; and $1200 allowance to appellee's attorney.

The chancellor found the net estate of appellant to be $71,607.32. Of course the granting of divorce is not and could not be questioned on this appeal.

Of the five children born to this marriage of June 26, 1932, only three are now living. They are grown and married.

Appellant argues that the proof does not support the finding as to his net worth; and that appellee was not entitled to lump sum and monthly maintenance alimony. He also contends the amount of fee allowed appellee's attorney is excessive.

Before discussing the questions raised, a brief reference to some of the facts may be appropriate. At the time of their marriage the parties had virtually no estate. Appellant was a clerk in his brother's store (Jim Gearheart) the first year of their marriage. The brother died without issue; he left his estate to appellant. Appellant apparently has been a good businessman and has added to his estate through real estate improvement and trading. He is now a victim of rheumatoid arthritis, but he continues to engage extensively in the real estate business.

Appellee has apparently contributed her expected part toward the making of a home, which includes producing five chil-

dren and caring for them. No hint is expressed by appellant that the wife has not contributed her part to the marriage and to the accumulation of their estate, although appellant's brief insinuates that the appellee left their home church and traveled twenty-seven miles to attend the church where one P. R. Davis was officiating. Davis was a former preacher at Worthington, Kentucky, the home of these parties. This insinuation finds no support in the findings of the special master commissioner or in the findings of fact and judgment of the chancellor. Therefore we cannot give any consideration to the insinuation.

Appellant's brief states:

"The assets of appellant probably would gross $171,032.32, if he were given enough time to make sales of same and could extend credit to the various purchasers of the numerous parcels of real estate held by him individually and jointly. Maybe he could sell all of said parcels if given time and lived long enough to do so. However, the question is, what is the fair market value of the assets now and for cash."

Appellant also states in his brief: "I find no assessed valuation of John Milton Gearheart in the record." Neither do we. Either party had a right to introduce the assessed valuation.

■ Considering the time given by the chancellor in which appellant could liquidate some of his property and pay the sum allowed in three payments and in view of the findings of the chancellor, we cannot say that his findings as to the net value of appellant's estate are clearly or at all erroneous. CR 52.01.

■ Appellant next complains of the allowance of a lump sum in addition to monthly maintenance allowance. This may be done under the authority of Whitaker v. Whitaker, 298 Ky. 590, 183 S.W.2d 623, and Stokes v. Stokes, 296 Ky. 124, 176 S.

W.2d 260. Furthermore, the chancellor had the power, if justified by the facts, to allow appellee more than one-third of the net estate of appellant. Cf. Porter v. Porter, Ky., 394 S.W.2d 456, and Cox v. Cox, Ky., 343 S.W.2d 395.

Appellant cites Ralston v. Ralston, Ky., 396 S.W.2d 775, and Oldham v. Oldham, Ky., 259 S.W.2d 42.

The *Ralston* case, supra, in which no lump sum was allowed and only $150 per month maintenance was permitted, is readily distinguishable from the present case when it is recalled that we said at page 777: "It is true the wife in this case was guilty of serious and undermining conduct the year or so previous to the separation."

In *Oldham*, supra, this court raised the lump sum allowance to the wife from $2250 to $6000 where the net estate of the husband was $24,000. Oldham is no consolation to appellant.

When we contemplate the great number of factual situations presented in divorce cases, the philosophies of the various circuit judges whose duty it is to weigh those facts, and the elements and factors that should be considered by the chancellor in determining alimony as announced in Yonts v. Yonts, Ky., 329 S.W.2d 209, it is understandable that no fixed rule, dollar or percent wise, can be made that will fit all cases. One court may give more weight to a factor than does another judge or court.

■ Recognizing that this court may not disturb the findings and conclusions of the chancellor unless clearly erroneous (CR 52.01), we pass up our oft-felt inclination to substitute our judgment for that of the chancellor.

■ The allowance of $1200 to appellee's attorney is not at all excessive.

The judgment is affirmed.

All concur.