# Broderick v. Bourbon-Agricultural Bank & Trust Company et al.

(Decided March 17, 1933.)

CHARLES A. McMILLAN for appellant.
GENE LAIR for appellee W. F. Broderick.

CHAS. A. McMILLAN for appellee Bourbon-Agricultural Bank & Trust Co.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming.

George F. Broderick died a resident of Bourbon county in June, 1922, testate. By his will, which was duly admitted to probate, he provided as follows:

"First, I will all my property to my beloved wife, Mary F. Brodrick, to use as she sees fit during her life, afterwards I will $50.00 each to Emily Sheals' children and $50.00 to her Emily and to John F. Brodrick's 3, Odas, Everett and Robert $50.00 each, John $100.00. Lizzie Kenton I will and bequest $2000.00 out of my money. I also will and bequest to Warren Fleming Brodrick after my wife's death the 42.10 A land on the Ruddles Mills Pike after my wife gets through with it. I also will and bequest the Liberty Bond 4 Loan to Warren F. Brodrick to have at the time he is 21 years of age, the interest on it to pay up the $2,000. life insurance which is on his father's life and the benefit of the policy is to be Warren F. Brodrick's at the death of his father. All the amount that I have mentioned herein to go to Warren F. Brodrick, should he die before he becomes in possession of it and there should be a brother or sister of his, then the amount set forth herein shall go to her, him or all of them equally divided. My mother's cupboard will go to Gray F. Brodrick his lifetime then after that it must go to his heirs or Warren first, then to the others.

"I want a $500.00 monument placed to our graves.
                    "[Signed]   George F. Brodrick.

"P. S. Whatever is left after wife is through with it and above devises are made then Gray F. Broderick gets it, but I will wife to make the will to whatever is left. This Oct. 18, 1920.
                    "[Signed]   George F. Brodrick."

On January 16, 1926, Mary F. Broderick filed her petition in equity against the parties in interest, in the circuit court, in which she alleged these facts: She qualified as executrix of the will and settled the estate

and made a settlement ·as executrix in the Bourbon county court. The People's Deposit Bank was appointed by the Bourbon county court as trustee for her under the will of George F. Broderick on May 12, 1923. The People's Deposit Bank & Trust Company, as trustee, was claiming and had then taken possession of all the property of the decedent, George F. Broderick, after the debts were paid, but under the terms of the will the trust company, as trustee, was not entitled to hold the entire estate, and that under the terms of the will of George F. Broderick all the estate, except the tract of land consisting of forty-two acres on Ruddles Mills Pike, was the property of the plaintiff. She prayed judgment construing the will and that she be adjudged to be the owner absolutely of all the property, except the amounts specifically devised to the children of Emily Sheals, etc., and the forty-two acres on Ruddles Mills Pike.

The trust company filed its report showing that it had then a balance of $16,497 in its hands, and this included $7,000 of United States Fourth Liberty Bonds. On November 14, 1927, the court entered judgment that the plaintiff took in fee simple, title to the house and lot in Paris, Ky., and took a life estate in the forty-two acres of land on Ruddles Mills Pike, also this:

"That she owns absolutely the balance of the estate of George F. Broderick, after taking therefrom the specific bequests, namely: the seven thousand dollars ($7,000) of United States Fourth Liberty Bonds, which is to be held in trust for Mary F. Broderick until Warren F. Broderick is twenty-one years old, and is at that time to be turned over to him, and such interest on the same as is necessary to be used in paying the premiums on the two thousand dollar ($2,000) life insurance policy, which is on the life of his father, Gray F. Broderick, said policy being payable to Warren F. Broderick upon the death of his father Gray Broderick.

"And it is further adjudged that all of the property left under the will to Warren F. Broderick, namely; the remainder interest in the 42.10 acres, and the seven thousand dollars ($7,000) of United States Fourth Liberty Bonds, is to be owned by the said Warren F. Broderick, as therein pro-

vided, but in the event the said Warren F. Broderick should die before he comes in possession of it, said property is to go equally to any brothers and sisters of the said Warren F. Broderick, being the children of his father, Gray F. Broderick.''

The judgment also contained this direction to the trustee:

''And the Seven Thousand ($7,000.00) Dollars, in United States Fourth Liberty Bonds to be held by said trustee until Warren F. Broderick is twenty-one years of age, at which time Warren F. Broderick is to receive the same as his property, and out of the income arising from the $7,000. the said trustee is to pay the premium on the Two Thousand Dollar ($2,000) life insurance policy, which is on the life of Gray F. Broderick, and all other income arising from the said Seven Thousand ($7,-000) Dollars, and the said Twenty eight Hundred and Fifty ($2850.00) Dollars is to be paid to Mary F. Broderick.''

The $2,850 above referred to is the sum of the special devises to the children of Emily Sheals, etc., which by the will were to be paid after the death of Mary F. Broderick.

On March 26, 1932, the trustee filed its petition, alleging the above facts, also that Mary F. Broderick died on March 24, 1932, intestate, and asking the direciton of the court in the distribution of the estate. On May 14, 1932, Gray F. Broderick, the only heir at law of Mary F. Broderick and the residuary devisee under the last clause of the will of George F. Broderick, filed his petition in which he set out the above proceedings and alleged that at the death of George F. Broderick he only owned one Liberty Loan bond of $1,000, and that the judgment of November 17, 1927, was a clerical error in adjuding that $7,000 in United States Liberty bonds passed to Warren F. Broderick under his will, and praying that the judgment of November 17th be corrected for clerical error, so as to read ''the one thousand dollars of United States Fourth Liberty Bonds,'' instead of the words ''the seven thousand dollars of United States Fourth Liberty Bonds.'' He filed with his petition the appraisement of the estate made after the death of the testator, which showed that he

had only one thousand dollar Fourth Liberty Loan bond; and it was shown that the trustee had, after his death, purchased six other like bonds with the funds in its hands. Warren F. Broedrick had not become of age when the case was heard. The circuit court dismissed the petition of Gray F. Broderick and he appeals.

The question presented is, Was this a clerical error that may be corrected by the court rendering it after the lapse of five years, or was it an error of the court which may only be corrected by an appeal to this court?

In Ballard v. Davis, 3 J. J. Marsh. 656, 657, the judgment of the circuit court was reversed with directions to dissolve the injunction with damages. The circuit court entered judgment on the mandate, but did not award damages. At a subsequent term Davis moved the court to correct the judgment so as to award 10 per cent. damages. The motion was sustained and Ballard appealed. Reversing the judgment the court said:

> "We are of opinion, that the circuit court had no authority in September, 1828, to amend the decree of March, 1827, on the exparte motion of Davis, so as to subject Ballard to additional responsibility. If the decree of March had been defectively entered, through any clerical misprision, it would have been competent for the court, at a subsequent term to amend; but it is manifest there is no clerical error in the present case, and that if there be error, it was of the court expressly adjudicating upon the matter. Such errors can alone be corrected after the expiration of the term by the appellate court. See Berry v. Triplett's Heirs, 2 A. K. Marsh. 61."

In Rogers v. Bradford, 8 Bush, 163, the jury returned a verdict in favor of the defendant and fixed the value of the horse in controversy at $250. The statute requires the judgment to be for the return of the property or its value in case a return cannot be had. The court entered judgment against Rogers for the amount of the verdict and he appealed. It was objected on the appeal that this was only a clerical misprision. The court said:

> "The failure of the court to render a judgment in conformity with the law is not a clerical misprision.

There is nothing in the record showing that the judgment was so entered by mistake of the clerk, and nothing by which it may be corrected. Like an interest-bearing judgment upon a verdict for damages, this error is one of law, and not clerical in its character.''

In C. & O. R. R. Co. v. City of Olive Hill, 231 Ky. 65, 21 S. W. (2d) 127, the suit was brought against the railroad company by the city to enforce an assessment for a street improvement. The court entered a personal judgment against the railroad company and it was insisted that the personal judgment was a clerical misprision which should have been corrected by a motion in the lower court. This objection was overruled by the court and the judgment was reversed. A number of other authorities are cited in that opinion. To same effect see 1 Freeman on Judgments, sec. 357; 34 C. J. p. 232, sec. 451.

The same rule must be applied here. The petition filed by Mary Broderick was a petition for a construction of the will and the determination of the rights of the parties under it. Gray Broderick was one of the devisees in the will and a defendant in the action. When the court entered judgment defining the rights of the devisees in the will, very clearly Gray Broderick, if aggrieved by the judgment, could have appealed to this court. But when he failed to appeal he could not, after the expiration of the time for taking an appeal, obtain the same relief by going into the lower court and entering a motion to correct the judgment for misprision. The fact is, the court simply construed the will. He did not have before him the appraisement of the property of the testator or anything to show that the testator owned only one Liberty bond. He did have before him the trustee's settlement showing that the trustee had seven Liberty bonds, as described in the will. Though the court made an error in construing the will this was an error of the court and not an error of the clerk in entering the judgment. The circuit court properly so held.

Judgment affirmed.