## Beckmann v. Mutual Life Ins. Co. of New York.

March 25, 1947.

Rehearing denied May 30, 1947.

William H. Field, Judge.

Woodward, Dawson, Hobson & Fulton for appellant.

Wm. Marshall Bullitt and R. Lee Blackwell for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The first appeal of this case is reported in Mutual Life Ins. Co. of New York v. Beckmann, 261 Ky. 286, 87 S. W. 2d 602, 603. Beckmann held two $10,000 life insurance policies with the Company with a presumably total and permanent disability benefit in the sum of $100 a month in each one. The Company paid him $200 a month from January 15, 1930, to November 15, 1933, when it declined further payments. Beckmann instituted suit and judgment was entered against the Company for $1400, the amount in default. While the Company's motion for a new trial was pending Beckmann tendered the following amended judgment which the court entered over the strenuous objection of the Company:

"It is further adjudged by the Court that the plaintiff, Robert J. Beckmann recover from the defendant, Mutual Life Insurance Company of New York, the sum of $200 per month beginning July 15, 1934, and that same amount on the same day of each succeeding month thereafter until and including the 15th day of August, 1947, it appearing that the plaintiff will not be sixty years of age until August 16, 1947, or until plaintiff's presumably and permanent and total disability ceases, in event same should cease prior to the time required to make payment of the total of said 157 monthly payments or installments totaling $31,400.00, in addition to the $1,400.00 heretofore adjudged, or until plaintiff's presumably permanent and total disability ceases, in event same should cease prior to August 15, 1947, and defendant shall have the rights contained and specified in the policies sued on herein upon which it may proceed for the purpose of determining if such presumably permanent and total disability has terminated.

"For the purpose of further determining the rights of the parties hereunder, it is ordered that this case be filed away, with right to redocket at any time until all of said monthly payments have been made, or plaintiff's right to receive same or any part thereof is terminated by reason of recovery from his presumably permanent and total disability or death of the plaintiff, Robert J. Beckmann, to all of which the defendant excepts and prays an appeal to the Court of Appeals, which is granted."

The Company prosecuted an appeal to this Court from the judgment as amended. The opinion in the former appeal, heretofore mentioned, fully sets out the reasons given by this Court for affirming the judgment as amended. On December 7, 1944, Beckmann moved the lower court to redocket the case to further determine the rights of the parties. The court sustained that motion and Beckmann filed a petition to redocket the action. Upon final hearing the lower court dismissed the petition and Beckmann has appealed.

The question for determination is, whether Beckmann is entitled to collect monthly payments as provided in the insurance contracts, or is he entitled to only those payments for which he asked in the supplemental judgment? It might be well to point out at this time that the insurance contracts provided that, in the event he became totally and presumably permanently disabled before reaching the age of 60, he was entitled to receive the disability benefits during the remainder of his life, or so long as the disability continued.

The appellant now takes the position that the following words, "it appearing that the plaintiff will not be sixty years of age until August 16, 1947," in the supplemental judgment were more or less inadvertently placed therein and constituted mere surplusage, or, at most, a clerical misprision. We take a different view, however, because after carefully analyzing the supplemental judgment we believe that Beckmann construed his policy as meaning that he was entitled to draw disability benefits until he reached the age of 60, in the event his disability did not cease prior to that time. The supplemental judgment provided that he was to draw the benefits to and including the 15th day of August,

1947, it appearing that he would not become 60 years of age until that date, provided his disability continued that long. Furthermore, the actual number of payments required between the 15th of July, 1934, and the 15th of August, 1947, was determined, namely, 157, totaling $31,400. It was directed that that number of payments be made by the Company to Beckmann in the event his disability should not cease prior to his 60th birthday—August 16, 1947. An error of law was made when the court entered the supplemental judgment, but it was done at the appellant's request. When the supplemental judgment was entered the trial judge indicated that there was no direct pleading warranting the entry of such a judgment, but he entered it under the prayer for all proper relief. A judgment of this general type was definitely to Beckmann's advantage, because it placed upon the Company the duty of making the annual payments so long as there was no change in his condition. It also placed upon the Company the burden of showing any change of condition. The supplemental judgment was brought before this Court and affirmed over the vigorous objection of the Company. Even if it be conceded that there was a clerical misprision, it should have been corrected long since. In that event, before the question could be raised in this Court, it should have been presented and acted upon in the lower court. Section 516, Civil Code of Practice. Broderick v. Bourbon-Agricultural Bank & Trust Co., 248 Ky. 191, 58 S. W. 2d 397.

In the Broderick case a party was erroneously awarded $7000 in Liberty bonds when he was entitled to only $1000 under a will. It was held that when the aggrieved party failed to appeal he could not after the expiration of the time for taking an appeal obtain the same relief by going into the lower court and entering a motion to correct the judgment for misprision.

It is true that Beckmann did not go into the lower court and ask that the judgment be corrected for a misprision, but he did ask that the case be redocketed for a further determination of the rights of the parties. He relies upon the last paragraph of the heretofore quoted supplemental judgment in support of his motion to redocket. We think, however, that the position of the Company is correct in insisting that this provision was

for the benefit of the Company and not for Beckmann. He had been given all that he asked, and the only purpose of the last paragraph of the supplemental judgment was to afford the Company an opportunity to reopen the case in the event of his death or his disability ceased. Equitable Life Assurance Society v. Preston, 253 Ky. 459, 70 S. W. 2d 18.

While the fact has not influenced our decision in this case, we can not refrain from saying that Beckmann has not fared so badly. A review of the record on the first appeal and the decision of this Court thereon will show that the case was a very close and bitterly contested one. Beckmann construed the contracts as a matter of law and was given everything for which he asked. The Company takes the rather absurd position that Beckmann has been paid a considerable sum of money to which he was not entitled through an erroneous decision of this Court. With this argument we are not impressed, because the decision on the first appeal was in line with the rulings of this Court prior to the holding in the case of Mutual Life Insurance Co. of New York v. Bryant, 296 Ky. 815, 177 S. W. 2d 588, 153 A. L. R. 422, which ruling in the mind of the writer of this opinion, is more unsound than the old rule; but the Bryant decision was made prospective, so, in no event, would that ruling have in any way affected Beckmann's rights.

For the reasons given we think the judgment should be and it is affirmed.

Judge Dawson not sitting.