## Dix v. Dix.

June 14, 1949.

Rehearing denied September 30, 1949.

Don A. Ward and D. G. Boleyn for appellant.

W. E. Faulkner and Vernon Faulkner for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

This appeal presents the question as to whether or not the chancellor correctly overruled appellant's motion to hold void part of a judgment in favor of appellee in a divorce action, rendered December 12, 1930, decreeing absolute divorce, reciting that "plaintiff is entitled to alimony in such way as will be most advantageous to her, and not to work a hardship on the estate of defendant. The defendant's earning capacity has been greatly curtailed, and he is not able to pay plaintiff any substantial allowance. The property of defendant consists of a three story building valued at from six to eight thousand dollars; its present sale value possibly less than the lower figure. The defendant has a two story building under lease to a bakery, adjoined by a garage which will hold about eight cars." Describing the properties (real

estate) held to be of more or less values, the judgment continued: "The value of the Bakery property and garage adjoining it has a ratio value to the brick building of substantially 4 to 3. The court feels that the awarding of the residence to the plaintiff as alimony would meet the requirements of justice, and would probably give her a little more than an exact allowance would give, and the court has taken this into consideration in fixing the allowance for the younger son." The allowance for the son was $10 per month until he reached the age of seventeen. That portion of the judgment which is in controversy reads:

"It is adjudged that the plaintiff have as permanent alimony, and in lieu of all other claims of alimony, the fee simple title to the brick building, and defendant is directed to convey the same to her and if he fails to do so by the first day of the next term of this court the Master Commissioner will execute a conveyance to her for the same."

To that portion of the judgment, as well as to all other adverse rulings, defendant objected and excepted, prayed and was granted appeal. We gather from other portions of the record that the master commissioner executed deed which was approved by the court March 14, 1931, and later recorded. On February 21, 1946, appellant moved to set aside that portion of the judgment just above set out, because its entry was a misprision and the court was without jurisdiction to enter such an order, or that it be modified so as to show that plaintiff was only entitled to its use during the infancy of the son. The defendant responded merely denying the conclusions contained in the motion. Appellant amended his motion and asked the court to set aside the order approving the deed, and to cancel it on the ground that it was void. Parties agreed that the matter be submitted on the pleadings and exhibits and the chancellor overruled the motion, with objection, exception, and appeal granted.

Counsel for appellant, without citation of supporting authority, contends that the judgment should be construed to mean that the wife was to have possession of the residence building until the son reached the age of seventeen. We are unable to view the judgment in this light. The chief contention is that the judgment is whol-

ly void, because of Sec. 403.060, KRS, which provides for allowance of alimony to the wife under certain conditions and reads in part: "but no such allowance shall divest the husband of the fee simple title to real estate," and that because of this prohibition the court was lacking in jurisdiction to decree title to the wife, and in support cites Campbell v. Campbell, 240 Ky. 202, 41 S. W. 2d 1093, and Crabtree v. Crabtree, 85 S. W. 211, 27 Ky. Law Rep. 435, to which might be added others which hold that the court is without power to divest the husband of title to real estate in allowing alimony. Whitaker v. Whitaker, 298 Ky. 590, 183 S. W. 2d 623; Piersall v. Piersall, 302 Ky. 486, 194 S. W. 2d 627, and cases cited.

However, in these cases it appears that the matter came to this court on appeals filed within the time allowed, and in none was it determined that a judgment entered contrary to the statute was void. On the other hand it is strongly intimated, if not directly decided, that such a judgment is erroneous, hence voidable under appropriate proceedings. For example, in the Whitaker case the chancellor had awarded the wife as lump sum alimony the "dwelling house," and other portions of land. On appeal we held that the chancellor lacked power to divest the husband of title to the real estate, and "had the appellee, instead of acquiescing, prayed a cross-appeal, we would have been compelled to reverse that portion of the judgment * * *. However, the Chancellor did have the power to award a lump sum in lieu of, or in addition to monthly or weekly alimony, and * * * appellee, in compliance with the judgment, executed and tendered the deed which, presumably, nothing to the contrary appearing, appellant accepted, it is necessary to determine only whether appellant was entitled to anything in addition to the lump sum awarded." (298 Ky. 590, 183 S. W. 2d 624). Here appellant did not himself execute the deed, but for more than 15 years has remained silent.

The sole question is whether or not the portion of the judgment in question is void or voidable. The generally accepted rule is that where the court has jurisdiction of parties and subject matter, the judgment, if erroneous, is voidable, not void. There is no contention that the court did not have jurisdiction of the parties,

and since the subject matter was divorce and incidental alimony, the court had jurisdiction in that respect, and if the court misapplied the statute it was an error to be questioned on timely appeal. Judicial error must be corrected seasonably. The distinction between void and voidable judgment is sometimes difficult to draw. "It may be said as a guide that the distinction is not dependent upon the source of the error. 30 Am. Jur. Judgments sec. 109. * * * If a judgment is erroneous because of a judicial mistake, it is conclusive until vacated by proper proceeding." Wides v. Wides, 300 Ky. 344, 188 S. W. 2d 471, 473. See also Broderick v. Bourbon Agricultural Bank & Trust Co., 248 Ky. 191, 58 S. W. 2d 397. We were dealing in the Wides case with the matter of misprision, which is put forward here, but we are of the opinion that there was no misprision here; the same reasoning and conclusions in the cases cited apply.

In Covington Trust Co. v. Owens, 278 Ky. 695, 129 S. W. 2d 186, 190, we remarked that we were unable to find a more appropriate definition of "jurisdiction of the subject matter," than was quoted from Calhoun v. Bryant, 28 S. D. 266, 133 N. W. 266:

"It is true that jurisdiction is said to depend upon various things—for instance, upon service of process, and that the subject matter be one upon which the court is given power to exercise judicial authority. But these various things upon which jurisdiction may depend do not in themselves constitute 'jurisdiction.' When parties are before the court and present to it a controversy which the court has authority to decide, a decision not necessarily correct, but appropriate to that question, is a proper exercise of judicial power or jurisdiction. So far as the jurisdiction itself is concerned, it is wholly immaterial whether the decision upon the particular question be correct or incorrect. Were it held that a court had 'jurisdiction' to render only correct decisions, then, each time it made an erroneous ruling * * * the court would be without jurisdiction, and the ruling itself void. Such is not the law, and it matters not what may be the particular question presented for adjudication, whether it relates to the jurisdiction of the court itself, or affects the substantive rights of the parties litigating; it cannot be held that the ruling or decision itself is

without jurisdiction, or is beyond the jurisdiction of the court. The decision may be erroneous, but it cannot be held to be void for want of jurisdiction."

This definition had been approved in Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412. We are of the opinion that since the court had jurisdiction of parties and subject matter in the instant case, the portion of the judgment complained of was only voidable, and appellant should have presented his grievance by timely appeal, and not in the manner he chose to follow.

Judgment affirmed.