## Occidental Life Insurance Co. Of California v. Harvey.

April 25, 1950.

L. B. Handley, Judge.

John E. Richardson for appellant.

Geo. J. Ellis, Jr., and Marion Vance for appellee.

MORRIS, COMMISSIONER—Reversing.

On May 11, 1946, appellee, then about 21 years of age, purchased a life insurance policy from appellant which contained the following disability provision:

"Subject to the conditions stated in this agreement the company will grant during permanent total disability of the insured (herein called 'such disability') the following benefits:

"Commencing four months after date of commencement of such disability the Company will pay to the insured during continuance * * * for each $1,000 of the face of the policy the * * * monthly income shall be $10.00."

On March 4, 1948, appellee filed his petition alleging that on June 11, 1947, * * in an automobile accident he received an injury to his right arm, requiring an amputation "at or near the elbow." He alleged that he was a farmer at the time the policy was issued and when the accident occurred, and that since the injury he has been wholly, continuously and permanently unable to perform in "a reasonable and practical way all the material acts in the pursuit of his occupation of farming." He asked for judgment for $25 per month commencing four months after the injury, and payments to continue during his disability. An amendment alleged additional accrued monthly income.

By answer and amendments appellant denied generally all allegations of the petition and affirmatively plead the provision of the policy which defined the term "permanent total disability," as follows:

"Disability shall be deemed to be total whenever the insured becomes wholly disabled as the result of injury or disease so as to be unable to engage in any occupation and unable to perform any work for compensation or profit. Under this provision disability shall be presumed to be permanent total disability after the insured has been continuously totally disabled for not less than four months and during all that period prevented from engaging in any occupation and from performing any work for remuneration or profit by cause or causes other than death, subject, however, to the provisions below regarding proof and recovery.

"Without prejudice to any other causes of disability, * * * the severance of both hands at or above the wrists, or of both feet above the ankles, or of one entire hand and one entire foot will be considered as permanent, total disability within the meaning of this provision."

The pleading alleged that plaintiff does not have, and has not had, a permanent total disability and had not been during a period of not less than four months following the alleged injury prevented from engaging in any occupation or performing any work for remuneration or profit; that before the expiration of four months from the date of the alleged injury plaintiff was engaged in an "occupation for profit, by attending college for the purpose of obtaining an education; that by attending college within less than four months after the injury occurred, he thereby performed work for profit, the profit being the obtaining of an education; his occupation was that of a student attending college." This answer was controverted of record and thus issue was joined.

Appellant took appellee's deposition as if on cross-examination, and the cause was submitted on this proof. The court found for plaintiff to the amount of $450, and $25 per month during continuance of the disability.

Appellee at the time of his proof was living in Bowling Green, where he had been attending Western Teacher's College since January 1947, taking a course in Agriculture and proposed to engage in farm work after completing his course. He was not engaged in farm work in 1947, but was in school. He had completed his High

School education in May 1946, farmed a part of the year and then started to College. He was not the owner of any land or farming implements and no growing crops. His intention was after graduation to farm, and thought he could qualify to oversee on a farm. He had neither planned to nor raised a crop in 1947, but usually worked on his father's farm on Saturdays, "for his feed."

The chancellor in a memorandum referred to the fact that both parties relied on our opinion in Mutual Life Insurance Co. of New York v. Bryant, 296 Ky. 815, 177 S. W. 2d 588, 153 A. L. R. 422. In concluding that appellant was entitled to recover, the court apparently followed the rule and reasoning laid down in the foreign case of Fogleson v. Modern Brotherhood, 121 Mo. App. 548, 97 S. W. 240, one of the minority rule cases. Appellees' reliance is due to a misconstruction of the Bryant case, which overruled our decision in National Life & Accident Ins. Co. v. O'Brien's Ex'x, 155 Ky. 498, 159 S. W. 1134, "and all subsequent decisions of a like nature." (296 Ky. 815, 177 S. W. 2d 592.)

It seems unnecessary to reiterate what was said in the Bryant case which takes up and discusses numerous cases, both domestic and foreign, relative to the question here. We there pointed out the distinction between occupational and non-occupational provisions embraced in policies and said that the majority of appellate courts had held that non-occupational policies should be given a literal or strict meaning; that the insured in order to recover should show that he is totally and permanently disabled from any occupation for gain or profit. We said: "We have reached the conclusion the two classes of policies constitute different contracts, and that the words 'any or all' * * * in such policy contracts, should not be construed to mean a single or particular occupation but should be given the construction and meaning which such language naturally imports."

We held that in construing the non-occupational provision the insured should be required to show disability, not only to follow his regular occupation, but also any occupation which may yield a gain or profit. Here it may be noted that appellee in his pleading only alleged that he was incapacitated from following his occupation of farming. His proof also fails to show that he is disabled from performing other work for gain or profit.

The Bryant case is referred to in two of our opinions, Travelers Ins. Co. of Hartford, Conn. v. Williams, 303 Ky. 703, 198 S. W. 2d 797, and Beckmann v. Mutual Life Ins. Co., 304 Ky. 672, 201 S. W. 2d 873. In each of these cases, due to the facts appearing therein, we followed the old rule (O'Brien case) because of the conclusion in the Bryant case that we would give that opinion or decision a prospective rather than retroactive effect.

We are of the opinion that the case of Mutual Life Insurance Co. of New York v. Bryant, 296 Ky. 815, 177 S. W. 2d 588, 153 A. L. R. 422, is controlling under the pleadings and proof presented. Therefore, the judgment is reversed for a new trial consistent herewith. If the proof be the same a judgment should go for defendant.

Judgment reversed.