RENDERED:  JULY 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1059-MR

DENISE GORE                                                         APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 19-CI-01033

KENTUCKY PERSONNEL BOARD
AND KENTUCKY TOURISM, ARTS
& HERITAGE CABINET,
KENTUCKY DAM VILLAGE STATE
RESORT PARK                                                         APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, McNEILL, AND TAYLOR, JUDGES.

DIXON, JUDGE:  Denise Gore appeals from the order of the Franklin Circuit

Court affirming the final order of the Kentucky Personnel Board ("the Board")

approving and adopting the hearing officer's findings of fact, conclusions of law,

and recommended order dismissing Gore's appeal of the Kentucky Tourism, Arts

& Heritage Cabinet's ("KTAHC") termination of Gore as dining room supervisor at Kentucky Dam Village State Resort Park's ("KDV") Harbor Lights Restaurant. Following a careful review of the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Gore was employed with KDV for over 20 years. In 2017, a complaint was filed against her which triggered an investigation, administrative leave, and ultimately her dismissal.[1] Gore's dismissal letter was 14 pages in length and contained detailed information about the results of the investigation supporting KTAHC's decision to dismiss her. The findings include: (1) 381 deficiencies on timecards of employees supervised by Gore during the period January 1 through June 15, 2017; (2) three instances where Gore falsified her own timecard; (3) Gore's failure to protect confidential information, as well as inappropriate sharing of passcodes for the point of sale system; (4) Gore's failure to maintain accurate tip verification reports which made it impossible to quantify tips paid to servers; and (5) a transfer scam which occurred in the KDV dining room under Gore's supervision with an estimate of up to $1,000 being misappropriated during the weekend of July 8-9, 2017. Other instances of inappropriate behavior documented in the letter include: Gore's conspiracy with her subordinate employee (her sister) to conceal the unlawful removal of a coworker's personal property (a cell phone)

---

[1] Gore was also previously disciplined in 2005 and 2010.

and providing false statements during the investigation; compelled tip pooling; and a possible conflict of interest, as well as favoritism toward her sister and niece in scheduling them for the most events with 15% built-in gratuities.

Gore appealed her dismissal to the Board, and a trial was held before a hearing officer on May 15 and 16, 2019. The Board granted an extension until August 15, 2019, for the hearing officer to complete his recommended order, though the order was not issued until August 21, 2019. The order recommended that the Board dismiss the appeal because KTAHC met its burden of proof to establish a lack of good behavior by Gore, and its dismissal of her was neither erroneous nor excessive. The letter also contained a notice of exception and appeal rights which clearly stated Gore had 15 days from the date of the letter's mailing to file exceptions.

Gore's exceptions to the recommended order were mailed to the Board on September 7, 2019, after her time to appeal had expired. The Board returned the exceptions as untimely and informed Gore they would not consider same in making their final determination. Gore nevertheless moved the Board to consider the objections, claiming her counsel, his staff, and the post office were to blame. Gore's motion was denied in the Board's final order, which approved and adopted the recommended order and dismissed her appeal.

Gore appealed the Board's final order to the Franklin Circuit Court, and KTAHC moved the court to dismiss the appeal. The circuit court granted the motion, dismissing Gore's appeal and affirming the final order of the Board. This appeal followed.[2]

## STANDARD OF REVIEW

KRS[3] Chapter 13B governs administrative hearings before state agencies, such as the Board herein. In administrative proceedings, the claimant bears the burden of proving entitlement to a benefit by a preponderance of the evidence and, likewise, carries the risk of non-persuasion. KRS 13B.090(7); *Kentucky Ret. Sys. v. West*, 413 S.W.3d 578, 581 (Ky. 2013).

> When the decision of the fact-finder is in favor of the party with the burden of proof or persuasion, the issue on appeal is whether the agency's decision is supported by substantial evidence, which is defined as evidence of substance and consequence when taken alone or in light of all the evidence that is sufficient to induce conviction in the minds of reasonable people. Where the fact-finder's decision is to deny relief to the party with the burden of proof or persuasion, the issue on appeal is whether the evidence in that party's favor is so compelling that no reasonable person could have failed to be persuaded by it. In its role as a finder of fact, an administrative agency is afforded great latitude in its

---

[2] KTAHC moved our Court to strike Gore's brief and/or dismiss her appeal for failure to serve a copy of her notice of appeal, designation of record, prehearing statement, brief, and reply brief on the Board. Its motion was denied via separate order entered on May 27, 2022.

[3] Kentucky Revised Statutes.

-4-

evaluation of the evidence heard and the credibility of witnesses, including its findings and conclusions of fact. . . . A reviewing court is not free to substitute its judgment for that of an agency on a factual issue unless the agency's decision is arbitrary and capricious.

*McManus v. Kentucky Ret. Sys*., 124 S.W.3d 454, 458 (Ky. App. 2003) (internal quotation marks and citations omitted).

## ANALYSIS

On appeal, Gore argues the circuit court correctly concluded that the Board acted arbitrarily by not considering her exceptions to the hearing officer's recommended order when it not only considered his tardy recommendation but approved and adopted it. However, it is well-settled that "any late judgment or report is not void because of tardiness." *Dubick v. Dubick*, 653 S.W.2d 652, 655 (Ky. App. 1983).[4] Therefore, we cannot say that the delayed filing of the recommended order alone would justify the Board disregarding it.

By contrast,

it has been repeatedly held that an appeal from an administrative decision is a matter of legislative grace and not a right. Thus, the failure to follow the statutory guidelines for such an appeal is fatal. A person seeking review of administrative decisions must strictly follow the applicable procedures. *See Taylor v. Duke*, [896 S.W.2d 618 (Ky. App. 1995)].

---

[4] Gore characterizes this case as aged. Yet, we are bound to follow established precedent in the absence of a compelling reason justifying departure.

*Triad Dev./Alta Glyne, Inc. v. Gellhaus*, 150 S.W.3d 43, 47 (Ky. 2004). KRS 13B.110(4) states: "each party shall have fifteen (15) days from the date the recommended order is mailed within which to file exceptions to the recommendations with the agency head." Gore's exceptions were not mailed until after the expiration of this statutorily provided period. Thus, the Board's decision was supported by sound legal principles, and it did not act arbitrarily in returning Gore's untimely exceptions while accepting, approving, and adopting the hearing officer's overdue recommended order.

Gore next argues the circuit court erred in holding that substantial evidence supported the Board's final order "without considering the other arbitrariness elements." Those elements, Gore contends, are whether the administrative agency acted within its statutory powers and whether due process was afforded. We will address each of these contentions, in turn.

Gore asserts neither the Board nor the circuit court should have had a recommended order to review since it was not timely filed; however, as previously noted, mere tardiness does not void a hearing officer's order. Filing the recommended order after the extended deadline did not divest the hearing officer of his statutory authority to enter the order, nor did it render it void as Gore suggests.

Gore compares her case to *Puckett v. Cabinet for Health & Family Services*, 621 S.W.3d 402 (Ky. 2021). In that case, the Court found that an error with the termination letter did not void the termination; rather, it "merely makes his termination voidable." *Id*. at 411. In making its determination, the Court noted "[t]he generally accepted rule is that where the court has jurisdiction of parties and subject matter, the judgment, if erroneous, is voidable, not void. *Dix v. Dix*, 310 Ky. 818, 222 S.W.2d 839, 842 (Ky. 1949)." *Id*. at 410. In the case herein, the Board did not act outside its statutory authority in accepting the filing of the hearing officer's recommended order, whether belated or not; therefore, the termination was not void.

Gore further contends the Board denied her due process by accepting the hearing officer's recommended order filed after its statutory deadline while rejecting her exceptions filed after their statutory deadline. When determining whether an individual was afforded procedural due process, we look to whether that individual was given an opportunity to be heard. *See Commonwealth Transp. Cabinet v. Cornell*, 796 S.W.2d 591, 594 (Ky. App. 1990). Gore was afforded a two-day trial as well as an opportunity to file exceptions to the recommended order. Her failure to utilize that opportunity does not mean she was denied due process.

Gore has not raised any argument which warrants reversal of the court's dismissal of her appeal. The circuit court correctly concluded that substantial evidence supports Gore's termination. Accordingly, we must affirm the circuit court's dismissal of her appeal.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Franklin Circuit Court is AFFIRMED.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEES: |
|---|---|
| D. Wes Sullenger<br>Paducah, Kentucky | Evan B. Jones<br>Sarah E. Noble<br>Frankfort, Kentucky |