RENDERED: JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0489-MR

ANDRE SHEPHARD                                                                      APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE JUDITH E. MCDONALD-BURKMAN, JUDGE
ACTION NO. 04-CR-000354

COMMONWEALTH OF KENTUCKY                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND K. THOMPSON,[1] JUDGES.

THOMPSON, K., JUDGE: Andre Shephard, *pro se*, appeals from the Jefferson

Circuit Court's denial of his Kentucky Rules of Civil Procedure (CR) 60.02 motion

to vacate his conviction and sentence because his plea was involuntary. We affirm

because his claim is untimely and successive.

---

[1] Judge Kelly Thompson authored this Opinion before his tenure with the Kentucky Court of
Appeals expired on December 31, 2022. Release of this Opinion was delayed by administrative
handling.

On or around January 19, 2004, Teandrea Brown died as a result of multiple stab wounds. When this occurred, there was a pre-existing no contact order in place restricting Shephard from having any unlawful contact with Brown.

On January 20, 2004, Shephard was questioned by police during which he admitted to being with Brown the night before her body was found and getting into an argument with her. Shephard claimed that during a physical struggle between him and Brown, she fell onto a knife, and he left her home in a panic without calling for medical assistance. Shephard told the police that the knife could be found in a box placed under some Christmas lights, and police found it there.

On January 29, 2004, Shephard was indicted by a Jefferson County grand jury for the murder of Brown. Based on Shephard's violation of the no-contact order, the Commonwealth filed a notice of aggravating circumstances indicating it sought to pursue a punishment up to and including the death penalty.

Shephard ultimately pled guilty to murder in exchange for a sentence of life without parole for twenty-five years. Shephard's guilty plea was accepted by the trial court at a hearing on June 22, 2005, during which a plea colloquy was conducted. Thereafter, the trial court found that Shephard knowingly and voluntarily entered his plea. Shephard was sentenced in accordance with the plea agreement by judgment entered on June 23, 2005.

On September 29, 2006, Shephard filed a *pro se* motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 seeking to vacate his conviction and sentence on the grounds of ineffective assistance of counsel. The motion asserted multiple claims, including an unknowing entry of his plea and inadequate advice as to an extreme emotional disturbance (EED) defense and self-defense. The trial court denied the motion without conducting an evidentiary hearing, and this Court affirmed in *Shephard v. Commonwealth*, No. 2011-CA-000936-MR, 2012 WL 6632707 (Ky.App. Dec. 21, 2012) (unpublished).

On December 29, 2020, Shephard filed the instant CR 60.02 motion asserting that his plea was not knowingly and voluntarily made because his attorney did not sufficiently advise him of an "accidental killing defense." He argues his attorney's incorrect advice concerning the availability of this defense was demonstrated during his plea colloquy before the trial court, and the trial court was obligated to correct this and reject the plea as a result. On April 5, 2021, the motion was denied as untimely, successive, and without merit.

Shephard makes three arguments before this Court asserting error in the denial of his CR 60.02 motion: (1) due to the unknowing and involuntary entry of his plea, his judgment is void and not subject to timeliness restrictions; (2) this issue, which he argues was the fault of the trial court, was precluded from being raised in his previous post-conviction motion because RCr 11.42 is reserved only

for challenges pertaining to ineffective assistance of counsel; and (3) the trial court misinterpreted the purpose of his citation to overruled case law used to support the availability of an "accidental killing defense."

We review the trial court's denial of relief under CR 60.02 for abuse of discretion. *Berry v. Commonwealth*, 624 S.W.3d 119, 121 (Ky.App. 2021). "For a trial court to have abused its discretion, its decision must have been arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Grundy v. Commonwealth*, 400 S.W.3d 752, 754 (Ky.App. 2013) (citation omitted).

The crux of Shephard's appeal is that the judgment imposing his sentence of imprisonment is void; therefore, he believes that his argument about his plea being involuntary can be raised at any time. Depending on the specific grounds asserted, CR 60.02 mandates that a motion be filed no later than one year after entry of a judgment or order, or alternatively, within a reasonable time. "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

However, void judgments are a legal nullity from their outset and a court does not have discretion in determining whether they should be set aside. *Cabinet for Health & Family Services ex rel. Child Support Enforcement v. B.N.T.*, 651 S.W.3d 745, 751 (Ky. 2022) (citation omitted). While courts are afforded

discretion to determine what constitutes reasonable time under CR 60.02, they are not afforded the same discretion with respect to void judgments because void judgments do not gain validity with the passage of time. *Id.* (citation omitted).

"[T]he generally accepted rule is that where the court has jurisdiction of parties and subject matter, the judgment, if erroneous, is voidable, not void." *Puckett v. Cabinet for Health & Fam. Services*, 621 S.W.3d 402, 410 (Ky. 2021) (quoting *Dix v. Dix*, 310 Ky. 818, 222 S.W.2d 839, 842 (1949)). Judgments entering a criminal sentence beyond statutorily imposed limitations are to be deemed void as well. *Phon v. Commonwealth*, 545 S.W.3d 284, 304 (Ky. 2018).

The issue raised by Shephard on appeal against his judgment does not implicate any defects with the trial court's jurisdiction either over him or his criminal charges, nor does it allege his sentence to be contrary to that allowed under the applicable statutes. Shephard confuses void judgments with those that are voidable, and as a result, his request for relief is subject to the timeliness restrictions of CR 60.02 requiring this action to have, at most, been filed within a reasonable time.

The trial court noted that Shephard did not raise this claim until fifteen years after the entry of his judgment and ruled this was not timely. In support of its ruling, the trial court cited *Djoric v. Commonwealth*, 487 S.W.3d 908, 910 (Ky.App. 2016), and *Reyna v. Commonwealth*, 217 S.W.3d 274, 274 (Ky.App.

2007). Both cases addressed claims for CR 60.02 relief from guilty pleas argued to have been entered unknowingly and involuntarily. In *Djoric* a thirteen-year delay, and in *Reyna* a four-year delay, were both deemed unreasonable. We agree with the trial court's reasoning.

Additionally, Shephard could have, but failed to file a direct appeal alleging that his plea was involuntary, or to raise this issue in his previously filed RCr 11.42 motion. "Our rules of civil procedure do not permit successive motions or the relitigation of issues which could have been raised in prior proceedings." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky.App. 2009). There is an organized procedural framework for challenging a final judgment which is established in rules governing direct appeals, claims brought under RCr 11.42, and claims brought thereafter under CR 60.02. *Gross*, 648 S.W.2d at 856. CR 60.02 is not intended to allow additional opportunities to raise defenses such as those under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), but rather, to afford relief not available on direct appeal or under RCr 11.42 after demonstrating why special, extraordinary relief is warranted. *Gross*, 648 S.W.2d at 856.

Shephard provides no explanation for why he did not raise the issue regarding the involuntariness of his plea earlier. He only offers his misinterpretation that RCr 11.42 precluded him from raising this issue. *See*

*Commonwealth v. Marcum*, 873 S.W.2d 207, 210-11 (Ky. 1994) ("RCr 11.42 encompasses every issue that suffices as reason to vacate a judgment which could not have been addressed by direct appeal. Such reasons need not be jurisdictional in nature, nor necessarily such as to render the judgment void or even voidable."). Certainly, Shephard could have argued that his counsel was ineffective for failing to inform him of this potential defense before letting him enter into the plea. As a result, we also agree with the trial court's ruling that the motion is successive.

In conclusion, Shephard's argument that the trial court misconstrued the purpose of his legal citations offers nothing that would otherwise cure the untimely and successive nature of this action. Additionally, as it relates to the merits of any "accidental killing defense," it was not the burden of the trial court to offer him legal advice in place of his trial counsel as his brief appears to argue. Regardless, the record demonstrates during Shephard's plea colloquy he was explicitly told that by pleading guilty he would waive the right to present an accidental killing defense at trial. Moments later he was further informed of the incriminating evidence that he would face at trial which included his incriminating statements, and when asked by the trial court if he believed a jury would convict him, Shephard answered in the affirmative. *See Vaughn v. Commonwealth*, 258 S.W.3d 435, 439 (Ky.App. 2008) ("In order to be valid, a guilty plea in a criminal case must represent a meaningful choice between the probable outcome at trial and

the more certain outcome offered by the plea agreement."). Therefore, even had this issue been raised in a timely RCr 11.42 motion, it is doubtful Shephard would have been able to establish either that his plea was involuntary or that he was prejudiced as a result.

Accordingly, we affirm the order of the Jefferson Circuit Court denying Shephard's motion for CR 60.02 relief.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Andre Shephard, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Bryan D. Morrow
Assistant Attorney General
Frankfort, Kentucky